HARKINS *v.* PULLMAN PALACE CAR CO.

(*Circuit Court, D. Delaware.* November 14, 1892.)

1. DEATH BY WRONGFUL ACT—EXCESSIVE DAMAGES.
   In an action against a railroad company to recover damages for the death of plaintiff's husband, an ordinary laborer, 30 years of age, earning about $400 a year, a verdict of $7,000 is not so excessive and exorbitant as to induce the belief that the jury were influenced by partiality or prejudice, and a new trial should be refused.

2. SAME—RULE OF DAMAGES.
   In an action by a wife for causing the death of her husband, a day laborer, the maximum recovery is not necessarily limited to a sum which would produce an annual income equal to one half his annual earnings.

At Law. Action by Maggie Harkins against the Pullman Palace Car Company to recover damages for the death of her husband. Verdict for plaintiff for $7,000. On motion for new trial. Refused.

*George H. Bates,* for the motion.
*Levi C. Bird,* opposed.

WALES, District Judge. This was an action to recover damages for the death of plaintiff's husband, caused, it was alleged, by the negligence of the defendant. A trial was had at the present term, and the

jury returned a verdict for the plaintiff for $7,000. A motion is now made, on part of the defendant, for a new trial on the ground of excessive damages.

It is conceded that in cases of this character the principle on which damages are to be assessed is that of pecuniary injury, and that no compensation can be given for the loss of comfort or companionship; and it is claimed, in support of the motion, that Mrs. Harkins, on the most liberal estimate, would be fully compensated for the loss she has sustained by the payment to her of a sum of money which would yield an annual interest equal to the one half of her husband's yearly income at the time of his death. The deceased husband was an ordinary laborer, 30 years of age at the time of his death, and had been earning $1.35 per day, or at the rate of $400 a year. A person of his age, all other conditions being favorable, could purchase an annuity of $200 by the payment of the principal sum of $2,630, which latter sum, it is contended by defendant's counsel, should be the maximum damages to be allowed to the plaintiff. This basis of calculation is, however, much too narrow. The question for the jury was, what was the life of her husband worth to, the plaintiff in a pecuniary point of view? And in answering that the jury were not necessarily confined to a calculation of the husband's wage-earning capacity only. The life of an honest, industrious, and kind-hearted husband and father, exclusive of mere affection and sentiment, has for his wife a money value in addition to what he may be earning by his personal labor or business. We do not know on what principle the jury proceeded in making up their verdict. It is not charged that they were actuated by improper motives, the only reason urged for the motion being that the damages are excessive, whatever may have been the basis of calculation. Where this is the sole objection, the court must be clearly convinced that the sum awarded is grossly disproportioned to the loss sustained before granting a new trial; and, although, in our opinion, a smaller sum would have been a sufficient allowance, we are not able to say that this verdict is so excessive and exorbitant as to justify us in setting it aside. The verdict does not give the plaintiff so much more than she is fairly entitled to, and in the like proportion inflict a wrong and hardship on the defendant, as to offend the sense of justice of every reasonable person who may be familiar with all the facts of the case. The case was given to the jury with special instructions on the computation of damages, and we are not disposed to interfere with their verdict because they have made a somewhat higher award than we should have done. It is impossible to lay down any exact rule of assessment in actions of tort. The jury are the judges of the facts, and the court will not usurp their duty or nullify their judgment except in an extreme case. A verdict is the expression of the sense of the jury on the questions of fact intrusted to their judgment for decision, and it is only where they have exceeded all just and reasonable limits in giving damages that a court will interfere; and the excess must be glaring and flagrant to demand such interference. This verdict is not so large as to induce the belief that the jury were influenced by partial-

ity or prejudice, nor so clearly wrong and unjustifiable as to require a new trial. We feel constrained, therefore, to refuse the motion, and it is so ordered.

DALLAS, Circuit Judge, concurs.