## JORDAN v. CITY OF PHILADELPHIA.

(Circuit Court, E. D. Pennsylvania. December 5, 1903.)

### No. 90.

1. NEW TRIAL—SUBMISSION TO JURY—WAIVER OF OBJECTION.

The question of contributory negligence having been submitted to the jury in precise accordance with defendant's request, it cannot, as ground for new trial, claim that the evidence thereon called for binding instructions for it.

Henry W. Scarborough, for plaintiff.
Harry T. Kingston, for defendant.

DALLAS, Circuit Judge. John Jordan fell from a wagon which he was driving upon a highway of the city of Philadelphia, and his death resulted from that fall. This action was brought by his widow, under the Pennsylvania statute, to recover compensation for the loss suffered by herself and the children of John Jordan, by reason of his death, which she alleged had been caused by the failure of the city to exercise due care to put and maintain the highway in question in reasonably safe condition and repair. This allegation was denied, and the issue of fact thus presented was submitted to the jury for determination upon the evidence bearing upon it, which was quite voluminous. I have understood the learned counsel of the defendant to concede that this submission was proper, and that the instructions of the court with respect to it were unobjectionable. I, at all events, have no doubt upon either point. The testimony, I still think, required that this question should be referred to the jury, and I do not perceive that the law relating to it was in any particular erroneously stated by the trial judge.

The defense of contributory negligence was set up, and it was claimed that this defense had been so conclusively established as to call for binding instructions in favor of the city. But I did not think so at the trial, and I do not think so now. On the contrary, it seems to me to be questionable whether there was any evidence upon which a finding that John Jordan had, by negligence of his own, contributed to cause the accident which occasioned his death could have been sustained. However, this question also was submitted to the jury, and in precise accordance with a request made on behalf of the defendant. It has no ground for complaint, either of the action of the court or of the conclusion reached by the jury.

I cannot say that the verdict was excessive. It was for $8,000, and, in my opinion, that sum is not greater than, under the evidence, and the measure laid down, without objection, by the court, could reasonably have been arrived at. Harkins v. Pullman Co. (C. C.) 52 Fed. 724.

The defendant's rule for a new trial is discharged.