## LUCY B. MATTHEWSON *vs.* HORACE W. PERRY.

The plaintiff was a widow. Her son under twenty-one years of age, whose home had been with her during her widowhood and who had been maintained by her, and over whom no guardian had been appointed, worked with her permission for the defendant. Held that the plaintiff was entitled to his wages.

ASSUMPSIT for work and labor performed for the defendant by the minor son of the plaintiff; brought before a justice of the peace and appealed by the defendant to the Superior Court in New London County, and tried on the general issue closed to the court before *Park, J.* Judgment for the plaintiff and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*Thresher* and *Bolles*, with whom was *Wait*, in support of the motion, cited *Burk* v. *Phips*, 1 Root, 487; *Kline* v. *Béebe*, 6 Conn., 494, 500; 1 Swift's Dig., 50; *Selden's Appeal from Probate*, 31 Conn., 548, 553; 1 Bla. Com., 453; 1 Wood. Lect., 451; *Pray* v. *Gorham*, 31 Maine, 240; *Commonwealth* v. *Murray*, 4 Binn., 487; *South* v. *Denniston*, 2 Watts, 474; *Bartley* v. *Richtmyer*, 4 N. York, 45; *Morris* v. *Low*, 4 Stew. & Port., 123; *Stovall* v. *Johnson*, 17 Ala. N. S., 14; *Everett* v. *Sherfey*, 1 Clarke (Iowa,) 356; Reeve's Dom. Rel., (3d ed.,) 431; 1 Parsons on Cont., (2d ed.,) 256.

*A. F. Park* and *Lucas*, contra, cited Gen. Statutes, tit. 13, secs. 40, 43; id., tit. 50, sec. 40; *Nightingale* v. *Withington*, 15 Mass., 274; *Jones* v. *Tevis*, 4 Littell, 25; *Campbell* v. *Campbell*, 3 Stockt., 268; *Graham* v. *Kinder*, 11 B. Monr.,

60; *Benson* v. *Remington*, 2 Mass., 113; 1 Bla. Com., 453; 2 Bouvier Law Dict., "Mother;" Chitty on Cont., (10th Am. ed.) 168, note; *Riley* v. *Jameson*, 3 N. Hamp., 23, 29; *Jenness* v. *Emerson*, 15 id., 486; 1 Parsons on Cont., (5th ed.) 309.

FOSTER, J. Is the plaintiff entitled to recover of the defendant for the labor and service of her minor son?

It appears from the finding that she is a widow; that her son has always lived with her except when out at service, and then his home has been with her; that she has had the special care, management, education, and support of him from the beginning of her widowhood; that no guardian has ever been appointed him by the court of probate, nor has he ever chosen one to be so appointed; that in the summer of 1869, acting under his mother's advice, he made a contract with the defendant to work for him a certain length of time at a certain price per month; and that he informed his mother of the terms of the contract before commencing work and she approved it. The work has been performed and a portion of the wages is unpaid.

The rights of women in every relation of life furnish a most fertile topic of discussion in these days, but our inquiries are properly confined to a consideration of the legal rights of this plaintiff as against this defendant on the facts appearing of record.

Parents are charged with certain duties to their children—maintenance, protection, education; they are also entrusted with certain rights—obedience, subjection, and, at least so far as the father is concerned, a title to their earnings while minors. These rights and duties are reciprocal. By the common law the legal power over infant children belongs to the father, and during his life the mother has none. Blackstone says a mother as such is entitled to no power, but only to reverence and respect. Such was the old Roman law, and by that law the atrocious power of putting his children to death was vested in the father. Our statute concerning the support of paupers by relatives imposes the obligation to pro-

vide for children alike on father and mother, making each liable if of sufficient ability.    Gen. Statutes, tit. 50, sec. 40. The provisions of this statute are taken substantially from the 43 Eliz.

If the right to receive the earnings of minor children, which is conceded to the father, be made to rest on the liability of the father for their support, the mother, having the same liability, should be entitled to the same right.    If the right be by way of compensation for previous care, nurture and training, who will say that the debt of obligation is less to the mother than the father ?    It is difficult to imagine any grounds on which the right of the father to the earnings of minor children can be placed, which do not apply with equal or greater force in support of the right of the mother.

Our own elementary writers differ widely as to the rights of a mother over her children.    Judge Reeve says—" If the father die the mother is guardian by nature to her minor children, both males and females."    " The court of probate may remove her from this guardianship,    *    *    *    but she will remain guardian until one is appointed."    Reeve's Dom. Rel., 220.    Judge Swift says—" The mother is never considered as the guardian of her children unless it be ot nursed children till the age of seven years."    1 Swift Dig., 50.

On referring to other authorities, we find Chancellor Kent states the law to be that " the father, and on his death the mother, is generally entitled to the custody of the infant children, inasmuch as they are their natural protectors for maintenance and education."    " In case of the death of the father during the minority of the child, his authority and duty, by the principles of natural law, would devolve upon the mother." 2 Kent Com., 205, 206.    Among the late English elementary writers, Mr. Forsyth says,—" The general rule of law in this country is, that the legal power over infant children belongs to the father, and that during his life the mother has none." " In case of there being no father, then the mother is the person next entitled to its custody."    Forsyth on Custody of Infants, 10, 11.    Mr. Macpherson says,—" The guardianship of the mother, if not superseded either by election or by the

appointment of a new guardian by the court; is the proper and legitimate custody till the infant attains twenty-one." Macpherson's Law of Infants, 65.

Taking up the decided cases quoted by the defendant's counsel, we find the case of *Burk* v. *Phips*, 1 Root, 487. It was an action on the case. The plaintiff claimed to recover for the loss of the person, service, and company of her son on account of acts charged against the defendant. The plaintiff obtained a verdict and there was a motion in arrest for the insufficiency of the declaration; 1st, that there was no averment that the plaintiff was a feme sole, or but that the father of said minor was still living; 2d, that it did not appear that she was the guardian or in any way entitled to the services of said boy—that as mother she is not, &c., differing thus from the father, &c. The judgment was arrested, but on what grounds does not appear, as no reasons whatever are given. A case so meagerly reported is entitled to little weight.

The case of *Kline* v. *Beebe*, 6 Conn., 494, bears too remotely on the point here involved to be an authority. *Selden's Appeal*, 31 Conn., 548, is even more remote.

These are all the cases in our own courts to which the defendant's counsel have called our attention, and it is sufficient to say that, whether taken by themselves or in connection with the additional authorities quoted by them, they fail, we think, to establish the principle contended for by them.

On the other hand, in *Benson* v. *Remington*, 2 Mass., 115, Parsons, C. J., says,—" It is very well settled that parents are under obligation to support their children, and that they are entitled to their earnings." In *Nightingale* v. *Withington*, 15 Mass., 274, Parker, C. J. says,—"Generally the father, and in case of his death the mother, is entitled to the earnings of their minor children. This right must be founded on the obligation of the parents to nurture and support their children, which obligation is compensated by a right to their earnings, or to the fruit of them if by their permission they are employed by other persons."

Authorities might be multiplied, but we forbear, being well satisfied that on the facts found the plaintiff, on principle and authority, is entitled to sustain this action.

The judgment below is affirmed and the motion for a new trial is denied.

In this opinion the other judges concurred ; except BUT-LER, C. J., who was absent, and PARK, J., who having tried the case in the court below did not sit.