## Ross *et ux. v.* Texas & Pac. Ry. Co.

(*Circuit Court, W. D. Texas, El Paso Division.* October 27, 1890.)

1. RAILROAD COMPANIES—KILLING CHILD ON TRACK—EVIDENCE.
    In an action against a railroad company for the killing of a child, a witness for plaintiff testified that the engineer saw the child on the track in time to prevent the accident; that witness called to the engineer to stop when the tender of the backing engine was within six feet of the child; and that the engine was going very slowly, and could have been stopped within four or five feet. *Held*, that the evidence was sufficient to sustain a verdict in plaintiff's favor, though substantially denied by the engineer and a switchman in defendant's employ, who both testified that it was impossible for the engineer to see the child; that no warning of its presence was given until the tender was within three to five feet of the child; and that the engineer immediately reversed the engine, but did not succeed in bringing it to a stand until it had run eight feet, and killed the child.

2. NEW TRIAL—EXCESSIVE VERDICT.
    A verdict of $2,500 in favor of the parents, for the killing of a healthy, sprightly, five-year-old child, does not clearly show that the jury committed some palpable error, or totally mistook the rule of law by which the damages are to be measured, or were swayed by passion and prejudice, so as to warrant the court in setting aside the verdict as excessive.

At Law. On motion for new trial.

*W. C. Henderson* and *Brack & Neill,* for plaintiffs.

*B. G. Bidwell* and *Peyton F. Edwards,* for defendant.

MAXEY, J. The defendant in its motion assigns the three following grounds for setting aside the verdict returned at a former day of the present term:

"(1) The verdict of the jury is contrary to and not supported by the evidence. (2) It is contrary to the law, as given in charge by the court. (3) The verdict is clearly excessive, unjust, and unreasonable."

No objection is made to the charge, but it is insisted that, under the instructions, there was no evidence upon which to predicate a finding in favor of the plaintiff. If it be true that there was an absence of testimony connecting the death of plaintiffs' son with the negligence of the engineer who was at the time operating the engine, correct practice would have authorized the court to direct a verdict for the defendant. Under such circumstances, the submission of a case to the jury would be useless formality. Says the supreme court:

"It is the settled law of this court that, where the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict, if returned, would be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant." *Randall* v. *Railroad Co.,* 109 U. S. 482, 3 Sup. Ct. Rep. 322; *Goodlett* v. *Railroad Co.,* 122 U. S. 411, 7 Sup, Ct. Rep. 1254; *Kane* v. *Railway,* 128 U. S. 94, 9 Sup. Ct. Rep. 16.

But it is said by the court in the case of *Goodlett* v. *Railroad Co., supra,* that—

"Where a cause fairly depends upon the effect or weight of testimony, it is one for the consideration and determination of the jury, under proper directions as to the principles of law involved." *Railroad Co.* v. *Stout,* 17 Wall.

661. See, also, *Kirkpatrick* v. *Adams*, 20 Fed. Rep. 292, 293; *Davey* v. *Insurance Co.,* Id. 494; *Railway Co.* v. *Kindred*, 57 Tex. 502.

The right to a trial by jury, in cases of this character, is a constitutional right, and juries should be permitted to exercise their proper functions without interference on the part of the court.    The court is not authorized to substitute its judgment for that of the jury in reference to questions of fact which it is the peculiar province of the latter to decide, and courts are not called upon to weigh, to measure, to balance the evidence, or to ascertain how they should have decided if acting as jurors. *Railroad Co.* v. *Stout*, 17 Wall. 663.   "In no case," says the supreme court, "is it permissible for the court to substitute itself for the jury, and compel a compliance on the part of the latter with its own view of the facts in evidence, as the standard and measure of that justice which the jury itself is the appointed constitutional tribunal to award."   *Barry* v. *Edmunds*, 116 U. S. 565, 6 Sup. Ct. Rep. 501.

The views of the supreme court in relation to the functions of a jury, and the reasons for the value which should properly attach to their findings, are clearly stated in the following extract from the opinion delivered by Mr. Justice HUNT in the case of *Railroad Co.* v. *Stout*, *supra:*

"It is true, in many cases, that where the facts are undisputed, the effect of them is for the judgment of the court, and not for the decision of the jury. This is true in that class of cases where the existence of such facts come in question, rather than where deductions or inferences are to be made from the facts.   If a deed be given in evidence, a contract proven, or its breach testified to, the existence of such deed, contract, or breach, there being nothing in derogation of the evidence, is no doubt to be ruled as a question of law.   In some cases, too, the necessary inference from the proof is so certain that it may be ruled as a question of law.   If a sane man voluntarily throws himself in contact with a passing engine, there being nothing to counteract the effect of this action, it may be ruled, as a matter of law, that the injury to him resulted from his own fault, and that no action can be sustained by him or his representatives.   So if a coach driver intentionally drives within a few inches of a precipice, and an accident happens, negligence may be ruled as a question of law.   On the other hand, if he had placed a suitable distance between his coach and the precipice, but by the breaking of a rein or an axle, which could not have been anticipated, an injury occurred, it might be ruled as a question of law that there was no negligence and no liability.   But these are extreme cases.   The range between them is almost infinite in variety and extent.   It is in relation to these intermediate cases that the opposite rule prevails.   Upon the facts proven in such cases, it is a matter of judgment and discretion, of sound inference, what is the deduction to be drawn from the undisputed facts.   Certain facts we may suppose to be clearly established from which one sensible, impartial man would infer that proper care had not been used, and that negligence existed; another man, equally sensible and equally impartial, would infer that proper care had been used, and that there was no negligence.   It is this class of cases, and those akin to it that the law commits to the decision of a jury.   Twelve men of the average of the community, comprising men of education and men of little education, men of learning and men whose learning consists only in what they have themselves seen and heard, the merchant, the mechanic, the farmer, the laborer; these sit together, consult, apply their separate experience of the affairs of life to the facts proven, and draw a unanimous conclusion.   This average judgment,

thus given, it is the great effort of the law to obtain. It is assumed that twelve men know more of the common affairs of life than does one man, that they can draw wiser and safer conclusions from admitted facts thus occurring than can a single judge." 17 Wall. 663, 664.

Twelve men have passed upon the issue of negligence in this case, and found in favor of the plaintiff. The defendant says the finding was contrary to the charge of the court and unsupported by the evidence. That part of the charge having direct reference to the question under consideration reads as follows:

"If the engineer who was operating the engine knew that plaintiffs' son was on the track in front of the engine, then it was his duty to use all the efforts in his power, and within his means and ability, to stop the engine to prevent and avoid the injury. And if, knowing of the peril of the child, the engineer failed to use such means to avert the threatened danger, then he was guilty of negligence; and if from such negligence the injury and death of the child resulted, the defendant would be liable for the damages thereby sustained. If, however, the engineer did not see the child, or if, seeing him, he used, as soon as he discovered him, all the efforts in his power and within his means and ability to stop the engine and prevent the accident, but that, notwithstanding such efforts, he was unable to stop the engine in time to avoid the injury, then the engineer was not guilty of negligence, and your verdict should be for the defendant."

Did the engineer see the child on the track? and, if so, did he exercise proper care to save it? Plaintiff, Francis M. Ross, testified that the engineer did see him, and discovered him in time to prevent the casualty; that when witness shouted to the engineer "to hold on for God's sake; you will run over the children," the tender of the backing engine was about six feet distant from the deceased; that the engine was going slow, and could have been stopped within four or five feet; that he had seen it stopped before within a distance of three feet, when running at about a similar rate of speed; that the rear of the tender was sloping, and the engine was used for switching purposes; that the engineer, when first warned of the danger to which the child was exposed, made no effort to stop, and did not change his position, but continued sitting on his seat, facing witness, until it was too late to stop the engine in time to save the life of the child. These statements were substantially denied by the engineer, who testified that he was not facing the witness Ross, but was looking in the opposite direction, toward the switchman; that he did not see the child until after it was struck by the tender, and, if he had been facing witness, he could not have seen deceased, because a box on the rear of the tender obstructed the view to a distance of 80 yards in that direction, notwithstanding the slope of the tender; that he heard no warning from witness Ross; that he did hear a warning of the switchman to stop the engine, and, although he did not know the child was on the track, he immediately reversed the engine, and used all means in his power to stop it, and that the engine came to a stand in six or eight feet. In essential particulars, the engineer is corroborated by the switchman, who was present, and witnessed the occurrence. The switchman, in addition, testified that the rear end of the tender is three and one-

half or four feet high; that when he shouted to the engineer, "For God's sake stop! you are about to kill a child," the rear end of the tender was three, four, or five feet from the child, and the engine was stopped within eight feet.

If the jury credited the statements of Ross there was testimony, although slight, to sustain the verdict; and, on the other hand, there was also testimony to justify a finding favorable to defendant. In either event, the court could not, without an invasion of the jury's province, disturb the finding. See *Brown* v. *Griffin*, 71 Tex. 659, 9 S. W. Rep. 546. The court should exercise with a firm hand its power to set aside verdicts in proper cases. But whenever the power is invoked, the judge should carefully distinguish between usurpation of the jury's functions and the legitimate exercise of his own judgment and discretion. The jury were evidently of opinion, after considering all the testimony before them, that the engineer saw the child in time to avert its injuries and death, and that he failed to exercise the care and diligence the law imposed upon him. Under such circumstances, the court does not feel warranted in disturbing the verdict.

The remaining ground of the motion asserts the damages are excessive. It was conceded by counsel for plaintiffs on the trial that the measure of recovery was the probable amount of the child's earnings during its minority, less the reasonable cost of its maintenance and support. The jury awarded plaintiffs, who were the father and mother of deceased, the sum of $2,500. The testimony of the father shows that plaintiffs were poor; that he was 56 years old, and his wife 22, and at the time of the son's death they were keeping an hotel at Big Springs; that the child was a stout, able-bodied boy, about five years of age, with fine mind and well grown; that he was kind and dutiful, and had begun to be of some service to the parents.

*Brunswig* v. *White* was a suit brought to recover damages for the death of a child six years of age, and the supreme court of this state, in holding that the recovery must be confined to the pecuniary loss sustained by the parents, as the jury were instructed in this case, refers to certain rules and principles which should obtain touching the question of proof of damages in cases of this character. It says:

"From this citation of authorities, which in the main we approve, in connection with the statute, 'the jury may give such damages as they may think proportioned to the injury resulting from such death,' [article 2909,] we may suggest—*First.* Where the killing of the child was wrongful, etc., the parents are entitled to at least nominal damages. *Second.* Where the testimony shows the bodily health and strength, the sprightliness, or want of it, of mind; the aptitude and willingness to be useful in performing services, the mode such faculties are exercised, as in useful labor or otherwise; and when, from the age and undeveloped state of the child any estimate of value of the services until majority would be matter of opinion in which no particular or especial knowledge in the way of expert testimony could be procured better than the judgment and common sense of the ordinary juror called to the duty of determining such value,—then, upon such testimony, the sound discretion of the jury can be relied on to determine the value, without any witness naming a sum. *Third.* As the age of the child increases, and his faculties de-

velop, testimony to actual services can and should be produced, giving a wider basis of induction to the jury in calculating the damage from the loss. *Fourth.* The circumstances of the parents suing, as in this case, often become necessary as evidence, not as a basis for increasing or diminishing the amount, but to illustrate the acts of the child as useful or otherwise."    70 Tex. 511, 8 S. W. Rep. 85.

No testimony was submitted as to actual earnings of deceased, nor is it reasonable to suppose that a child five years of age could find employment by which wages might be earned. Still it cannot be said that such a child had no pecuniary value to its parents. The question of amount is one for the jury to determine, under appropriate instructions. No precise, definite rule can be laid down in this and kindred cases, "and, when it does not appear that the verdict is not the result of the honest endeavor of the jury to follow their own convictions in the exercise of a power not precisely defined, we think that the law intends that the jury's estimate, rather than the equally undefined one of the judges, shall prevail." *Railway Co.* v. *Lehmberg,* 75 Tex. 68, 12 S. W. Rep. 838. It is said by Judge HAMMOND, in *Gaither* v. *Railway Co.,* 27 Fed. Rep. 546, that he was—

"Unable to even guess from the proof, and we can look nowhere else, how the jury arrived at their verdict; but here, again, the trouble is that in all such cases it is impossible to calculate the damages with accuracy from any proof. It is largely a matter of estimate by the jury from the proof, and not calculation."

The following cases are instructive as illustrating the difficulty in determining, under a statute like that of Texas, the precise amount of damages to be awarded where no definite rule can be given a jury for its guidance: *Railroad Co.* v. *Barron,* 5 Wall. 105, 106; *Railway Co.* v. *Lester,* 75 Tex. 61, 12 S. W. Rep. 955; *Railway Co.* v. *Ormond,* 64 Tex. 490; *Railway Co.* v. *Kindred,* 57 Tex. 503. In *Brunswig* v. *White, supra,* a verdict of $1,500 was not disturbed, and in *Railway Co.* v. *Becker,* 84 Ill. 486, one for $2,000 for the death of a boy between six and seven years of age was permitted to stand. Is one for $2,500 so clearly excessive that it should be set aside? If so, why? A resort to the cold figures of mathematical calculation will not answer the question, if that were even permissible in cases like the present. If $2,500 be excessive, what would be the proper amount? But the question is one peculiarly for the jury, and their finding should not be set aside unless it results from passion or prejudice, or the court can clearly see that the jury have committed some palpable error, or have totally mistaken the rules of law by which the damages are to be measured. The rule is thus stated by the supreme court:

"For nothing is better settled than that, in such cases as the present, and other actions for torts where no precise rule of law fixes the recoverable damages, it is the peculiar function of the jury to determine the amount by their verdict. In *Whipple* v. *Manufacturing Co.,* 2 Story, 661, 670, Mr. Justice STORY well expressed the rule on this subject, that a verdict will not be set aside in a case of tort for excessive damages, 'unless the court can clearly see that the jury have committed some very gross and palpable error,

or have acted under some improper bias, influence, or prejudice, or have totally mistaken the rules of law by which the damages are to be regulated;' that is, 'unless the verdict is so excessive or outrageous,' with reference to all the circumstances of the case, 'as to demonstrate that the jury have acted against the rules of law, or have suffered their passions, their prejudices, or their perverse disregard of justice to mislead them.'" *Barry* v. *Edmunds*, 116 U. S. 565, 6 Sup. Ct. Rep. 501; *Railway Co.* v. *Stewart*, 57 Tex. 171; *Railroad Co.* v. *Randall*, 50 Tex. 261 *et seq.*

The court is unable to say the jury were actuated by other than proper motives in arriving at their estimate of damages.

The motion will be overruled; and it is so ordered.