## CLAMANA BARRETT ET AL.
### v.
## MARGARET RILEY.

*Parent and Child—Wages of Child—Right of Mother Living with Husband to—Head of Family—Contract of Service—Statute of Frauds.*

1.   A married woman is not, in legal contemplation, the head of the family, however supreme her rule in the management of her children and husband under the household roof.

2.   Where a man has, by his own earnings, furnished the means to support himself and wife and rear his children, and is continuing to do so, he does not cease to be the head of his family in legal effect, because he turns his wages over to his wife, and allows her to use the same in defraying family expenses, no matter whether his time is so occupied in the service of his employer as to prohibit his taking part in laying in supplies, or whether he is induced to defer all such matters to his wife in the interest of peace.

3.   A father is entitled to the wages and ordinary earnings of his minor son, upon the theory that during minority he is under obligations to take care of, clothe and educate him.

4.   An oral contract of service for three years is against the statute of frauds, and where a suit thereon is brought before a justice, such plea being presumed, there can be no recovery except upon a *quantum meruit* as to the services actually rendered, and to sustain a recovery upon that theory requires proof of the value of the services, and in such case it is immaterial whether a person was rightfully discharged or not, the contract providing for the retention, each week, of a certain percentage of salary, to be forfeited if the servant left his employment before the end of the term, or was rightfully discharged, and paid him if he remained.

[Opinion filed December 7, 1891.]

Appeal from the Circuit Court of Will County; the Hon. Dorrance Dibell, Judge, presiding.

In January, 1888, the minor son of appellee, for the purpose of learning the trade of tinsmith, entered the service of appellants for the period of three years upon the following terms: His wages were to be for the first year $4 per week, for the second year $5 per week, and for the third year $6 per week; $1 was to be retained from each week's wages to insure good behavior and faithful performance on the part of the boy for the period of employment, which was to be paid him at the completion of the three years' service, but forfeited if he voluntarily quit the service before that time, or was discharged for bad conduct. The contract was oral, and the terms were fixed by appellee and the foreman of appellants. At the end of 112 weeks the boy was discharged. He was discharged for insolence and insubordination, as claimed by appellants. All his wages were paid him except the amount which had been retained from week to week, $112, which appellants claimed was forfeited by his discharge for good cause.

Appellee brought suit before a justice of the peace, and, upon appeal to the Circuit Court obtained verdict and judgment for the $112 upon the theory that she was the "head of the family," and as such entitled to the wages of her minor son, and that his discharge was without good cause. She also recovered as attorney fees the sum of $25.

Mr. Egbert Phelps, for appellants.

Mr. J. W. D'Arcy, for appellee.

Harker, J.   Appellants seek a reversal of the judgment in this case upon the following points of contention:

First: Appellee, being a married woman and living with her husband, who is by his earnings supporting his family, is not entitled to the wages of her minor son.

Second: The contract being for three years and oral, was void under the statute of frauds, and a party working under it could only recover on a *quantum meruit* on proof of the value of the service actually rendered; and as there was no proof of the value of the boy's services there could be no recovery.

Third: The appellants had sufficient cause for discharging the boy, whose bad conduct worked a forfeiture of the $112 retained.

The proofs show that appellee is the mother of a large family, remaining at home, looking after the affairs of the house, and from the wages of her husband and children supplying the table and other household needs. She does not appear to have contributed anything to the support of the family from outside service, and testified that she had never done any work outside of her household duties, and had never received any money except from the wages of her husband and children. Her husband is a laborer, working in mills at the rate of $40 per month, a sum more than sufficient, as appears from her testimony, to meet the family expenses. He hands his wages to his wife, who takes the entire supervision of paying grocery and other bills incident to the carrying on of the household.

Under such conditions, it is claimed by counsel for appellee, she was the head of the family, and for that reason entitled to the wages of her minor son.

Appellee was not, in legal contemplation, the head of the family, however supreme may have been her rule in the management of her children and husband under the household roof. Where a man has by his own earnings furnished the means to support himself and wife and rear his children, and is continuing to do so, we do not understand that he ceases to be the head of his family in legal effect, because he turns over his wages to his wife and allows her to use them in defraying family expenses, no matter whether his time is so occupied in the service of his employers as to prohibit his taking part in laying in supplies, or whether he is induced to defer all such matters to his wife in the interest of harmony and domestic felicity.

The father is entitled to the wages and ordinary earnings of his minor son, upon the theory that during minority he is under obligations to take care of, clothe and educate the son. This is a familiar rule of the common law.   2 Kent's Com., 193; 1 Black. Com., 453; Magee v. Magee, 65 Ill. 256; Hewitt v. Long, 76 Ill. 408; Schouler's Dom. Rel., 344; McMahon v. Sankey, 133 Ill. 636.

In this case the son, whose wages are the foundation of this suit, had, by the earnings of John Riley, appellee's husband, been clothed, supported and educated.   We are decidedly of the opinion that appellee could not, under the circumstances, maintain the suit in her own name.

The contract being for the period of three years and oral, was void under the statute of frauds, if pleaded.   As the suit was commenced before a justice of the peace, such plea is presumed.   Such being the case, it is quite clear that there could be no recovery except upon a *quantum meruit* as to the services actually rendered.   To sustain a recovery upon that theory would require proof of the value of the services.   Wm. Butcher Steel Works v. Atkinson, 68 Ill. 421; Frazer v. Howe et al., 106 Ill. 563.

If we are correct in this view, then it is wholly immaterial whether the boy was or was not discharged for sufficient cause, and we express no opinion upon that point of contention.

For the reasons given, the judgment of the Circuit Court will be reversed and the cause remanded.

*Judgment reversed.*