ALEXANDER ORR BRADLEY

· *v.*

LISETTA SATTLER, Admx.

*Filed at Ottawa June 15, 1895.*

1. APPEALS AND ERRORS—*judgment of Appellate Court final as to damages.* The question as to excess of damages is one of fact, upon which the judgment of the Appellate Court is final.

2. SAME—*refusal of instruction raises question of law on appeal.* Refusal of an instruction that only nominal damages can be given in an action for the death of a child, brought for the benefit of the mother and brothers, presents a question of law, on appeal.

3. PARENT AND CHILD—*mother head of family after father's death.* The mother becomes the head of the family on the death of the father, and is entitled to the services and earnings of her minor children.

4. DAMAGES—*to mother for death of minor son are substantial.* A mother is entitled to substantial damages for the wrongful death of a minor son when she is the head of the family.

5. EVIDENCE—*when damages are presumed, without proof.* Pecuniary loss to a mother who is entitled to the earnings of a minor son will be presumed, without proof, in case of his wrongful death.

*Bradley* v. *Sattler,* 54 Ill. App. 504, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District, affirming a judgment of the

circuit court of Cook county for $5000, rendered against the defendant below for negligence resulting in the death of plaintiff's intestate.

The defendant was engaged in manufacturing mirrors and in beveling glass, and the deceased, at the time of the injury which caused his death, on April 27, 1887, had been in the service of the defendant at the factory about two weeks. He was twelve years and three months old. There was a shaft along the side of the wall, fifteen to eighteen inches from it and the same distance above the floor. Connecting with this shaft by belts were five machines, similar to grindstones, for polishing glass, but the wheels were of wood or felt, on which pumice was used to polish the glass. On this shaft was a coupling locked together by a pin, which pin, when properly adjusted, did not project but was flush with the shaft, but at the time of the injury the pin projected out from one inch to two inches. It had been in the same condition about a year, but neither deceased nor the workmen knew it. The shaft revolved at the rate of three hundred times a minute, and had no covering or protection over it. There was an ordinary flour barrel filled with the ground pumice standing between two and three feet out from the shaft and between the machines. Access to the barrel was obstructed in front by a box higher than the barrel, and at times on the sides by the glass which the men were polishing. It was the duty of the boy to take the pumice from the barrel and with a brush put it on the wheels upon which the glass was polished. He used a little box, which, when filling, he placed on the box in front of the barrel. At the time in question he went behind the barrel, between it and the revolving shaft, and while filling his little box with pumice from the barrel the projecting pin caught his overalls and he was whirled around the shaft, and received such injuries that he died within a few hours. He had been warned by the work-

men to keep away from the machinery,—that it was dangerous and that he might get killed; but he was not informed of the danger from this projecting pin, nor does it appear that he was instructed by any one how to get pumice from the barrel without danger to himself, or that he could have done so at all times where the barrel stood. The deceased left him surviving his mother and two brothers, of the ages, at the time of the trial, of twenty-five and twenty-one years, respectively. His father had died eight years before.

WOLSELEY & HEATH, and JOHN N. JEWETT, for appellant:

Where the deceased is a minor, and leaves a father entitled to his services, the law presumes there has been a pecuniary loss, for which compensation, under the statute, may be given. *Chicago* v. *Scholten*, 75 Ill. 471; *Railroad Co.* v. *Delaney*, 82 id. 199; *Stafford* v. *Rubens*, 115 id. 198; *Chicago* v. *Hesing*, 83 id. 207.

All these cases speak of the minor leaving a father. In this case the deceased left no father, and the question is therefore directly presented as to whether a mother, in this State, upon the death of the father, succeeds to his right to the services of a minor child. This question has not been passed upon by this court, and is therefore an open question. See *Pray* v. *Gorham*, 31 Me. 242; *People* v. *Mercien*, 3 Hill, 400; *Railroad Co.* v. *Stutler*, 54 Pa. St. 378; 1 Blackstone's Com. 453; *Commonwealth* v. *Murray*, 4 Binn. 487; *Morris* v. *Law*, 4 Stew. & Port. 123; *South* v. *Denniston*, 2 Watts, 477; *Leach* v. *Agnew*, 7 Barr, 22; *Magee* v. *Magee*, 65 Ill. 256; *Lagger* v. *Loan Ass.* 146 id. 298; *Hollingsworth* v. *Swedenborg*, 49 Ind. 378; *McGee* v. *McGee*, 91 Ill. 554.

The authorities uniformly hold that in case of the remarriage of the mother she loses any right she might previously have had to the services and earnings of her minor children. *Commonwealth* v. *Hamilton*, 6 Mass 274;

*Freto* v. *Brown,* 4 id. 674; *Whitehead* v. *Railroad Co.* 22 Mo. App. 60; *St. George* v. *Deer Isle,* 3 Me. 392; *Railroad Co.* v. *Swett,* 45 Ill. 204; *Railroad Co.* v. *Shannon,* 43 id. 346; *Railroad Co.* v. *Morris,* 26 id. 403.

BRANDT & HOFFMANN, and J. S. KENNARD, Jr., for appellee:

The step-father question is not an open one in Illinois, but is conclusively settled in *Capek* v. *Kropik,* 129 Ill. 509, where it is held that a husband is not bound to accept into his family the children of his wife by a·former husband, but if he does so voluntarily, so long as the relation is permitted to exist he assumes the duties and obligations of a parent, and is "liable for their maintenance and entitled to their earnings." The same principle is held in *Mowbry* v. *Mowbry,* 64 Ill. 383, and in *Bush* v. *Blanchard,* 18 id. 146.

The mother of a minor child whose father is dead may maintain an action for the services of the child in cases in which the father might have maintained it, if living. *Gray* v. *Durland,* 50 Barb. 100; *Kennedy* v. *Railroad Co.* 35 Hun, 186; *Furman* v. *Van Sise,* 56 N. Y. 435.

As sustaining the same principle, we cite the following cases : *State* v. *Reuff,* 29 W. Va. 501; *Commissioners* v. *Hamilton,* 60 Md. 340; *Queen* v. *Smith,* 16 L. & E. R. 221; *Moore* v. *Christian,* 56 Miss. 408; *Coughlan's case,* 24 Md. 107; *Armstrong* v. *Stone,* 9 Gratt. 102; *Hammond* v. *Corbett,* 50 N. H. 504; *Villareal* v. *Melish,* 2 Swanst. Ch. 533; *Snediker* v. *Everingham,* 3 Dutch. 143; *Coin* v. *Dwight,* 8 Iowa, 116; *Benson* v. *Remington,* 2 Mass. 113; *Osborn* v. *Allen,* 2 Dutch. 388; *Campbell* v. *Campbell,* 3 Stockt. Ch. 272; *Railroad Co.* v. *Cook,* 63 Miss. 38; *Clark* v. *Bayer,* 32 Ohio St. 299; *Buck* v. *Conlogue,* 49 Ill. 395; *McCormack* v. *Kimmel,* 4 Ill. App. 121; *Lagger* v. *Loan Ass.* 146 Ill. 298; *Matthewson* v. *Perry,* 37 Conn. 435; *Railroad Co.* v. *Findall,* 13 Ind. 366; *Oldfield* v. *Railroad Co.* 14 N. Y. 310; *Day* v. *Everett,* 7 Mass. 145.

Mr. JUSTICE CARTER delivered the opinion of the court:

Much of the argument of counsel in this case is directed to questions of fact, which it is not claimed are open to review in this court. It is, however, insisted by counsel for appellant, that the judgment should be reversed because the damages are "unreasonably and irrationally excessive," and in this connection it is insisted that the trial court erred in not instructing the jury to find no more than nominal damages.

Whether the damages assessed are excessive or not involves questions of fact, upon which the judgment of the Appellate Court is final. (*North Chicago Street Railroad Co.* v. *Elbridge*, 151 Ill. 542; *Chicago and Grand Trunk Railway Co.* v. *Gaeinowski*, 155 id. 189.) Whether or not the court erred in refusing the instruction mentioned is a question of law for review here. This instruction reads:

"16. The jury are instructed that the burden of proof lies upon the plaintiff in this case to show the pecuniary loss, if any, suffered by the next of kin of William Casparini, and if the jury believe, from the evidence, that all or any of such next of kin had not been receiving from him pecuniary assistance, and that there is no evidence showing that such next of kin, or any of them, are in a situation to require such pecuniary assistance, then it is immaterial how near the degree of relationship may be, as the jury, in such case, should only allow nominal damages, if they believe, from the evidence, that there has been no pecuniary injury."

The argument is, that as there was no evidence before the jury to prove any actual pecuniary loss to the next of kin, the mother or either of the two surviving brothers, proof of the relationship only being made, under the law in this State nominal damages, only, can be recovered. Counsel quote the following from *City of Chicago* v. *Scholten*, 75 Ill. 471, as the rule in this State: "Where the next of kin are collateral kindred of the deceased, and have not received pecuniary aid from him, proof of

such relationship would warrant a recovery of nominal damages, only; but where the deceased is a minor, and leaves a father, entitled to his services, the law presumes there has been a pecuniary loss, for which compensation, under the statute, may be given,"—citing *Rockford, Rock Island and St. Louis Railroad Co.* v. *Delaney*, 82 Ill. 198, *Stafford* v. *Rubens*, 115 id. 196, and *City of Chicago* v. *Hesing*, 83 id. 204; and counsel then say, that as the deceased left no father, no recovery of substantial damages could be had without evidence of pecuniary loss; that the mother is not entitled to the services of her minor child, and therefore pecuniary loss cannot be presumed, but must be proved. We do not deem it necessary to review the authorities on this question. We are satisfied that the rule, founded upon natural justice and supported by the weight of modern authority, is, that upon the death of the father the mother becomes the head of the family, and is entitled to the services and earnings of her minor children. *Buck* v. *Conlogue*, 49 Ill. 391; *Dufield* v. *Cross*, 12 id. 397; *Parmelee* v. *Smith*, 21 id. 620; *Day* v. *Everett*, 7 Mass. 145; *Gray* v. *Durland*, 50 Barb. 100; *Kennedy* v. *N. Y. C. & H. R. R. Co.* 35 Hun, 186; *Furman* v. *Van Sise*, 56 N. Y. 435; *Simpson* v. *Buck*, 5 Lans. 337; *Coin* v. *Dwight*, 8 Iowa, 116; *Coughlan's case*, 24 Md. 107; *County Comrs.* v. *Hamilton*, 60 id. 340; *Benson* v. *Remington*, 2 Mass. 113; *Nightingale* v. *Worthington*, 15 id. 261; *Dedham* v. *Natick*, 16 id. 135; *Snediker* v. *Everingham*, 3 Dutch. 143; *Osborn* v. *Allen*, 2 id. 388; *Campbell* v. *Campbell*, 3 Stockt. Ch. 268; *Hammond* v. *Corbett*, 50 N. H. 504; *N. J. & C. R. R. Co.* v. *Cook*, 63 Miss. 38; *Clark* v. *Bayer*, 32 Ohio St. 299; *Mathewson* v. *Perry*, 37 Conn. 435; *Ohio and Mississippi Railroad Co.* v. *Findall*, 13 Ind. 366; *Oldfield* v. *N. Y. & H. R. R. Co.* 14 N. Y. 310; Schouler on Domestic Relations, sec. 239; 17 Am. & Eng. Ency. of Law, 379; 14 id. 756, note.

By statute the mother is liable for the expenses of the family and of the education of the children, and may bind her child under sixteen years of age as an apprentice.

In the case at bar the mother being entitled to the earnings of her son, to enable her to recover substantial damages it was not necessary to prove pecuniary loss. Such loss will be presumed. The instruction was therefore properly refused.

Complaint is made of the rulings of the trial court in refusing other instructions asked by defendant below, but we are of the opinion no error was committed in this respect. We have carefully examined these refused instructions and considered the argument of counsel respecting them, and are constrained to agree with the Appellate and circuit courts in the rulings complained of.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*