TRINITY COUNTY LUMBER CO. v. CONNER.   (No. 120.)

(Court of Civil Appeals of Texas. Beaumont. April 27, 1916. Rehearing Denied July 3, 1916.)

1. JUDGMENT ⬤☞622(1)—JUDGMENT AS BAR.

Where a set-off is presented by defendant in his pleadings and attempted to be supported by evidence, it will, whether allowed or disallowed, become res adjudicata.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1136; Dec. Dig. ⬤☞622(1).]

2. APPEAL AND ERROR ⬤☞80(1)—JUDGMENTS APPEALABLE — JUDGMENT WHICH FAILS TO DISPOSE OF SET-OFF AND COUNTERCLAIM.

A judgment which does not specifically dispose of a set-off and counterclaim pleaded by defendant, held a final determination of those issues as against defendant and hence appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 494–500, 503, 505–509; Dec. Dig. ⬤☞80(1).]

3. PARENT AND CHILD ⬤☞6—ACTIONS FOR WAGES OF CHILD.

An action for wages earned during plaintiff's minority cannot be maintained where the evidence shows that his mother is living, and there is no pleading or proof that plaintiff was emancipated at the time he performed such labor.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 77–85; Dec. Dig. ⬤☞6.]

4. PARENT AND CHILD ⬤☞5(1)—EARNINGS OF CHILD.

A widowed mother, or a mother whose husband is imprisoned or has deserted her, is entitled to the services and earnings of a minor child to the same extent as the father would be if living.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 70, 76; Dec. Dig. ⬤☞5(1).]

Appeal from Trinity County Court; C. M. McKinnon, Judge.

---

Action by Ernest Conner against the Trinity County Lumber Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

R. E. Minton, of Groveton, for appellant. A. M. Campbell and C. H. Crow, both of Groveton, for appellee.

BROOKE, J. This was a suit by the appellee against appellant for the conversion of the sum of $36.95 alleged to be current wages, and for $20 attorney's fees, and $25 punitive damages. Appellant pleaded a set-off of $35.10, tendered into court $1.85, pleaded the minority of plaintiff at the time such wages were earned and that they were the property of his mother, and set up a counterclaim for $150. Appellee abandoned his claim for $25 punitive damages, and judgment was rendered in his favor for $36.95, his current wages, and $20 attorney's fees, and no disposition was made in the final judgment of appellant's counterclaim, set-off, or the money tendered into court.

At the outset we are confronted with a motion to dismiss this appeal for the following reasons: (1) Because the judgment of the trial court is not a final judgment, such as can be appealed from, in that the cross-action of the appellant was not disposed of by the judgment of the trial court. (2) Because, if it shall be held that appellant's cross-action was disposed of by judgment of the trial court, then said judgment was adverse to the appellant, and the amount in controversy, under the assignments of error as made by the appellant, is not within the jurisdiction of this court, and that this court has no jurisdiction of the matters complained of by the appellant is manifest of record.

Upon the presentation of this motion, we were very much inclined to grant same, following a long line of decisions which we believe announce the correct doctrine. Riddle v. Bearden, 36 Tex. Civ. App. 97, 80 S. W. 1061; Huggins v. Reynolds, 51 Tex. Civ. App. 504, 112 S. W. 116; Lewis v. Kelley, 146 S. W. 1197; Williams v. Bell, 53 Tex. Civ. App. 474, 116 S. W. 837; Railway Co. v. Stephenson, 26 S. W. 236; Clopton v. Herring, 26 S. W. 1104; Sapp v. Anderson, 135 S. W. 1068; Hedrick v. Smith, 146 S. W. 305.

[1, 2] But in the case of Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161, the Supreme Court held as follows:

"Davies v. Thomson, 92 Tex. 391, 49 S. W. 215, was a suit by the heirs of Thomson, deceased, against the heirs and administrator of Davies, deceased, for recovery of one-half of certain real and personal property held and controlled by Davies at the time of his death, and one-half of all increase and gains in said property since his death, and one-half of all money received from sales of any of said property since that time. If the allegations of the petition were true, plaintiffs were entitled to recover everything sued for by them. The jury found simply 'for the plaintiffs in the sum of $14,000.' The court entered judgment accordingly. Upon appeal, this question was certified to this court: 'Is the judgment a final judgment from which an appeal may be taken? The contention is that the verdict and judgment should have in terms made some disposition of the real estate.' In answering said question, this court quoted approvingly the foregoing excerpt from its opinion in the Rackley Case [89 Tex. 613, 36 S. W. 77], and added: 'The proposition there announced was directly involved in the decision of that case, and is decisive of the question certified. The judgment, in our opinion, should be construed to mean that the plaintiffs recover of the defendants the sum of $14,000 and costs, and that they are to take nothing more either in the property claimed or in money. We answer the question in the affirmative.'

"The principle which controlled the last-mentioned two cases is, we think, applicable in great measure to this case. The rule is thus stated in Freeman on Judgments, § 279, and note 1: 'There is no doubt that if a set-off is presented by defendant in his pleadings, and attempted to be supported by evidence to the jury, it will, whether allowed or disallowed, become res adjudicata. It is settled by the judgment as conclusively, when it does not appear to have been allowed, as though there were an express finding against it.' * * * Nor is it material that the evidence to support a set-off was excluded because insufficient. * * *

"We feel constrained to hold that the judgment of the trial court, although irregular and imperfect in form, is sufficient to support the appeal. However, we feel impelled to say, also, that we think that, as a matter of practice, and to avoid confusion, every final judgment should plainly, explicitly, and specifically dispose of each and every party to the cause, and of each and every issue therein presented by the pleadings."

Therefore, on the authority of the case last cited, we overrule the motion to dismiss the appeal.

Tested by the pleadings, this case was one of conversion and for damages. The testimony, which was uncontradicted, was as follows:

"My name is Ernest Conner, and I live on Mr. Platt's place four miles from Groveton, in Trinity county, Tex. I was in the employ of the Trinity County Lumber Company and quit work on February 14, 1914. I had been working for it during January, and until the 14th day of February of that year. They agreed to pay me, and at the time I quit owed me $36.95, which they refused to pay me. I made demand for my money upon Mr. Chandler, the timekeeper, Mr. Hughes, the cashier of the Trinity County Lumber Company, and Mr. Cox, who works for the company in the woods, but they refused to pay me. I then went to see Mr. Campbell. I remember the 14th day of February, because it was pay day. They did not pay me off in January. They had no pay day for me in January. I went to them and demanded my pay on the first pay day for me after I went to work in January. They had their pay days on the closest Saturday to the 15th of each month at that time. I made no demand for pay during January, except for coupons, which I drew. I drew coupons during February, also. I did not draw any money during January or February. I am 22 years old. I was 21 years old on May 2, 1914. I lived out at the Springs until the sheriff put me off; I don't remember the day. I never did own any property, and my mother has nothing subject to execution."

That is practically all the testimony of the plaintiff. The judgment of the court found that the plaintiff labored during the month of January and up to and including the 13th day of February, and that, for the

services rendered by plaintiff, the defendant was indebted to plaintiff in the sum of $36.95. Judgment was entered, upon said testimony, that the plaintiff recover of defendant $36.95, the amount of his current wages sued for.

[3] By the first assignment of error, the appellant calls in question the action of the court in rendering judgment for plaintiff, because the undisputed evidence shows that the sum sued for was earned during plaintiff's minority; that his mother is living; and that there is neither pleading nor proof that the plaintiff was emancipated at the time he performed such labor. This assignment must be sustained.

The record shows that the plaintiff was a minor living with his mother, and there is not a line of testimony even intimating that he had been emancipated, or that there was any relinquishment or gift by plaintiff's mother. It has been held that a parent is only entitled to the services and earnings of the child while the child is supported by him. Although the general principle is clear and unquestioned that the father is entitled to the services of his minor child, and to all that such child earns by his labor, yet it seems to be equally clear that, as the right of the father to the services of the child is founded upon his duty to support and maintain his child, if he should fail, neglect, or refuse to observe and perform this duty, his right to the services of his child should cease to exist; and such is held to be the law. As the father may forfeit his right to the custody and control of his child's person by abusing his power, so, by neglecting to fulfill the obligations of a father, he may forfeit his right to the fruit of his child's labor. If he provides no home for his protection, if he neither feeds nor clothes him, nor ministers to his wants in sickness or health, it would be a most harsh and unnatural law which authorized the father to appropriate to himself all the child's earnings. It would be recognizing in fathers something like that pre-eminent and sovereign authority which has never been admitted by the jurisprudence of any civilized people, except that of ancient Rome, whose law held children to be the property of the father, and placed them in relation to him, in the category of things, instead of that of persons. Tiffany on Persons & Domestic Relations, pp. 261, 262.

[4] The same authority, continuing, says: "There is some authority to the effect that the right to a child's services and earnings does not vest in the mother, even where the father has deserted her and the child, or is dead; that the mother, even under such circumstances as these, is entitled only to reverence and respect, and has no authority over the child, or right to its services. This, however, is a mistake, due perhaps, to some extent, to following without reason or other authority the dictum of Blackstone and other old writers and judges to that effect, and to a failure to recognize the fact that there is no longer any such principle or doctrine as the old feudal doctrine, which, requiring, as it did the abject subjection and servitude of the wife, was unable to recognize the supremacy of the mother. By the overwhelming weight of modern authority, a widowed mother is entitled to the services and earnings of a minor child to the same extent as the father would be if living. The same rule applies where a wife is deserted by her husband, or he is imprisoned, and she is left to maintain her children, for the same reason for the rule applies in both cases." Tiffany on Persons & Domestic Relations, p. 256; 29 Cyc. 1624–25; Barrett v. Riley, 42 Ill. App. 258; Soper v. Igo, 121 Ky. 550, 89 S. W. 538, 1 L. R. A. (N. S.) 362, 123 Am. St. Rep. 212, 11 Ann. Cas. 1171; Geraghty v. New, 7 Misc. Rep. 30, 27 N. Y. Supp. 403; McGarr v. National, 24 R. I. 447, 53 Atl. 320, 60 L. R. A. 122, 96 Am. St. Rep. 749; Matthewson v. Perry, 37 Conn. 435, 9 Am. Rep. 339; Bradley v. Sattler, 156 Ill. 603, 41 N. E. 171; Hollingsworth v. Swedenborg, 49 Ind. 378, 19 Am. Rep. 687; Nightingale v. Withington, 15 Mass. 272, 8 Am. Dec. 101; Keller v. St. Louis, 152 Mo. 596, 54 S. W. 438, 47 L. R. A. 391; Whitehead v. St. Louis, 22 Mo. App. 60.

The record in this case with reference to maintenance is silent. The defendant pleaded and proved the minority of the plaintiff, and while we might infer from the fact that he was living with his mother, that she was maintaining him, still there is no proof directly with reference to his maintenance.

Believing that the above is sound doctrine, and from the authorities, we are constrained to hold that the assignment is well taken, and the case, therefore, will be reversed and rendered in favor of the appellant. It is so ordered.