SOUTHERN UTILITIES COMPANY, A CORPORATION, *Plaintiff in Error*, v. MAMIE DAVIS, BY B. C. MOORE, HER NEXT FRIEND, *Defendant in Error.*

### En Banc.

### Opinion Filed July 20, 1925.

1. The question of the amount of damages recoverable in an action for death by wrongful act is one peculiarly within the province of the jury, and their finding will not be set aside as excessive unless it is the result of passion or prejudice or unless the Court can clearly see that the jury have committed some palpable error or have totally mistaken the rules of law by which the damages in the particular case were to be measured.

2. This Court will not withhold its power to require a remittitur entered in the case of a judgment recovered for death by wrongful act, where it fully appears from the record that the amount awarded is excessive in the light of the shown earning capacity, habits, character, conduct, and experience of the deceased.

A Writ of Error to the Circuit Court for Broward County; E. C. Davis, Judge.

*Maxwell Baxter, C. L. Chancey* and *Miller Walton,* for Plaintiff in Error;

*Carson, Murrell & Farrington,* for Defendant in Error.

PER CURIAM.—Mamie Davis recovered a judgment in the sum of $14,000 against Southern Utilities Company for the negligent death of her husband, J. C. Davis. A former judgment in the sum of $18,000 was reversed by this Court for insufficiency of evidence to support it. Southern Utilities Company v. Davis, 83 Fla. 366, 92 So. 683.

Reversal is now sought on the ground of contributory negligence, excessiveness of the verdict, insufficiency of the evidence to support it, and for other grounds immaterial to mention here.

We have considered all the assignments carefully and while there is substantial evidence tending to prove contributory negligence the jury has twice resolved this theory against the plaintiff in error and it is not made to appear that their finding in this was the result of passion, prejudice, partiality or corruption.

The rule is well supported by the authorities that the question of the amount of damages recoverable in an action for death by wrongful act is one peculiarly within the province of the jury and their finding will not be set aside as excessive unless it is the result of passion or prejudice or unless the Court can clearly see that the jury have committed some palpable error or have totally mistaken the rules of law by which the damages in the particular case were to be measured. Ross v. Texas & C. R. Co., 44 Fed. 44; Harkins v. Pullman Palace Car Co., 52 Fed. 724; Southern Pacific Co. v. Wilson, 10 Ariz. 162, 85 Pac. 401; Bowen v. Sierra Lumber Co., 3 Cal. App. 312, 84 Pac. 1010; Bradley v. Sattler, 156 Ill. 603, 41 N. E. 171; Louisville & C. R. Co. v. Cox (Ky.), 125 S. W. 1056; Gamache v. Johnson Tin Foil &c. Co., 116 Mo. App. 596, 92 S. W. 918; Yergy v. Helena Light & Power Co., 39 Mont. 213, 18 Ann. Cas. 1201 note 1209 citing many cases.

The evidence is ample to show liability as alleged but it is not satisfactory as to the amount of damages awarded considering the shown earning capacity of the deceased. On this holding defendant in error was entitled to compensatory damages, but on the showing made by the record as to the habits, character, conduct, business capacity, experience, present and future prospects for business success of the deceased we think the verdict was excessive. Yergy

v. Helena Light & Ry. Co. et al., 39 Mont. 213, 18 Ann. Cas. 1201 note 1209.

The judgment of the Court is that if the defendant in error within thirty days after the mandate of this court in the cause is filed in the court below shall enter a remittitur of the sum of $4,000 the judgment will stand affirmed for the remainder of $10,000. Otherwise, the judgment of the Circuit Court will stand reversed and a new trial awarded. Florida C. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 So. 338, 79 Am. St. Rep. 149. See same case 45 Fla. 278, 34 So. 270. Atlantic Coast Line R. Co. v. Scott, 102 So. 828; Tampa Electric Co. v. Weatherford, decided this term.

It is so ordered.

WEST, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.