THE ST. JOHNS ELECTRIC COMPANY, A CORPORATION, *Plaintiff in Error*, v. MAGGIE F. LAWLER, A WIDOW, *Defendant in Error*.

En Banc.

Opinion Filed July 24, 1925.

Petition for Rehearing Denied September 25, 1925.

1. The statute does not make mental anguish of the widow an element of damages in her action for the wrongful death of her husband.

2. Where the evidence does not warrant punitive or examplary damages in an action for tort, the court should not give charges on that subject, and should on motion withdraw that matter from the jury.

3. Where liability is shown but the damages awarded are excessive in view of the evidence, a remittitur may be permitted.

A Writ of Error to the Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Remittitur allowed.

*George W. Bassett, Jr.*, for Plaintiff in Error;

*Baldwin & Vetter*, for Defendant in Error.

WHITFIELD, J.—The declaration herein contains several counts. It in effect alleges that the electric company maintained, controlled and operated an electric street railway system together with a power house, tracks, wires and other equipments for the maintenances and operation thereof with an overhead uninsulated wire charged with a heavy

and dangerous current of electricity, one of the sections of which track with its overhead charged and uninsulated wire is laid and suspended, respectively, between the western part of Anastasia Island to the eastern beach of Anastasia Island, at or near a point commonly known as Salt Run; that the said tracks ran upon the beach of said Anastasia Island and in fact at high tide extended out to and for some distance into the waters of the Atlantic Ocean; that during the year 1920, the defendant corporation discontinued the operation of its cars on said tracks to the eastern beach of Anastasia Island to the point near Salt Run; that after the discontinuance of the said portion of the car line service, the elements caused the fall or dangerous lowering of the uninsulated overhead wire containing and conveying a heavy and dangerous current of electricity at a point on the beach in a northerly direction from and close to said Salt Run, and said wire was fallen or suspended so low as to constitute a menace and a public nuisance; that defendant corporation knew or by the observance of reasonable diligence could and should have known of the dangerous condition of its wire at said place; that on January 23, 1921, as a direct result of the wilful, wanton and negligent act of misconduct of said defendant corporation in maintaining the said live wire in said dangerous condition and position as hereinbefore alleged, the said Robert F. Lawler, then the husband of this plaintiff, while engaged in traversing the beach at the said point on Anastasia Island, to-wit, slightly northerly of and close to said Salt Run, and close to or at the terminal of said electric car line, came in contact with said fallen or lowered uninsulated wire charged with said heavy and dangerous current of electricity, and thereby received said current into his body, by means of which the said Robert F. Lawler was greatly shocked, burned, hurt, wounded and maimed, and thereby killed; that plaintiff has sustained great damage and injury in that she has lost

the love, society, care and protection of her husband, Robert
F. Lawler, for the unexpired years of his life expectancy;
and in that she has been deprived and has lost the aid,
assistance, support and earnings of her said husband, Rob-
ert F. Lawler, for the unexpired years of his life ex-
pectancy; and in that she has incurred funeral expenses
for the burial of her said husband, Robert F. Lawler; and
in that she has suffered great mental anguish and distress
at the untimely, unexpected and horrible manner of the
wrongful killing of her said husband, which so preyed on
her mind that it resulted in her complete mental, nervous
and physical disarrangement and breakdown.

In two of the counts willful and wanton negligence is
charged.

Trial was had on pleas of not guilty and of decedent's
negligence. Verdict and judgment for $15,000.00 as dam-
ages were rendered, and defendant took writ of error.

It is not definitely alleged that the decedent had a right
to be at the place where he lost his life, but no specific
objection was made on this point. It may fairly be in-
ferred from the allegations and more particularly from the
evidence that the decedent was at a point where he had a
right to be. His body was found in low tide water with
his arm burned and his hand grasping an electric wire that
was very near the ground on the beach near the abandoned
portion of defendant's electric railway track. Presumably
the public had a right to be at this point on the shore of
the public waters of the State and nothing to the contrary
is shown. No contributory negligence is proven.

The court should have granted a motion to strike from
the declaration the following: ''And in that she has suf-
fered great mental anguish and distress at the untimely,
unreasonable and horrible manner of the wrongful killing
of her said husband, which so preyed on her mind that it
resulted in her complete mental, nervous and physical dis-

arrangement and breakdown.'' This error may not have been cured by a charge that no recovery could be had under the statute for mental suffering to which the above quoted portion of the declaration had reference. Secs. 4960 and 4961, Rev. Gen. Stats., 1920.

There is not sufficient foundation in the evidence for charges as to punitive or exemplary damages; and the court, on the motion made at the close of the evidence, should have withdrawn that matter from the jury.

There is sufficient legal evidence to show liability of the defendant.

In view of the whole record it is considered that a remittitur should be permitted.

If the plaintiff below remits $5,000.00 of the amount awarded as damages, the judgment will stand affirmed for $10,000.00. Otherwise, the judgment will stand reversed for a new trial. See Atlantic Coast Line R. Co. v. Scott, —Fla. —, 102 South. Rep. 828; Southern Util. Co. v. Davis, decided July 20th, 1925.

It is so ordered.

WEST, C. J., AND TERRELL, STRUM AND BROWN, J. J., concur.