TAMPA ELECTRIC COMPANY, a corporation, *Plaintiff in Error*, vs. MYRTLE BRYANT, *Defendant in Error*.

Division B.

Opinion filed April 15, 1931.

*Knight, Thompson & Turner*, for Plaintiff in Error;
*Jackson, Dupree & Cone*, for Defendant in Error.

PER CURIAM.—This writ of error was taken to a judgment for $15,000.00 damages awarded to a widow for the wrongful death of her husband while employed by the electric company as a lineman, whose death is alleged to have been caused by contact with a negligently unprotected ground wire while working on live electric wires on a pole supporting electric wires of defendant. There was no plea of contributory negligence, but under the hazardous occupations statute if there is contributory negligence the recoverable damages shall be diminished in proportion to the negligence attributable to the injured party. Sections 7047 (4960), 7060 (4973), C. G. L.; F. C. & P. v. Foxworth, 41 Fla. 1, 25 So. 328; 79 A. S. R. 149; 17 C.J. 1243; 8 R. C. L. 780.

The evidence indicates that the decedent was negligent in permitting his exposed arm to touch a live wire on which he, an experienced lineman, was working. The evidence also indicates negligence of the defendant in leaving exposed the ground wire which the decedent's foot touched when his arm came in contact with the exposed wire on which he was working.

It seems apparent that the damages sustained were not properly diminished in proportion "to the amount of default attributable to" the decedent as required by the statute.

A ground of liability appearing and the damages awarded not being properly apportioned, it is ordered that if within thirty days the plaintiff below enters a remittitur of seven thousand dollars as of the date of the judgment, the judgment shall stand affirmed for eight thousand dollars, otherwise the judgment will stand reversed for a new trial. See St. Johns Electric Co. vs. Lawler, 90 Fla. 188, 105 So. 818; S. U. Co. v. Davis, 90 Fla. 168, 105 So. 315.

It is so ordered.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.