227 So.2d 724 (1969)
Madonna POTOCK, a Single Woman, Appellant,
v.
Samuel L. TUREK, M.D., Appellee.
No. 68-1085.
District Court of Appeal of Florida. Third District.
November 4, 1969.
Rehearing Denied November 26, 1969.
Edward B. Johnson, Jr., and Jeanne Heyward, Miami, for appellant.
Carlton & Vogler, Miami, for appellee.
Before PEARSON, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
Appellant, plaintiff in the trial court, seeks review of an adverse final judgment rendered on a jury verdict in a medical malpractice cause. The plaintiff's amended complaint contained seven counts related to the alleged negligence of the defendant. At the conclusion of the plaintiff's case, her counsel stipulated there was insufficient evidence to submit two of the counts to the jury. The trial judge directed a verdict on one of the counts and, at the conclusion of all the evidence, submitted the matter to the jury on the alleged negligence contained in the four remaining counts. The jury returned a verdict in favor of the defendant and this appeal ensued.
The appellant contends, first, that the trial court erred in entering a directed verdict on one of the counts. We find no merit in this contention. There was no evidence to support the count, which charged:
"That the defendant * * * negligently and carelessly failed to visualize *725 the lumbosacral disc spaces during the fusion operation and prior to performing a fusion of the lumbosacral spine in order to determine the absence or presence of degenerative disc disease."
Therefore, the action of the trial judge was correct. Jacksonville Electric Company v. Dillon, 67 Fla. 114, 64 So. 669; St. Johns Electric Company v. Lawler, 90 Fla. 188, 105 So. 818; Wirt v. Fraser, 158 Fla. 777, 30 So.2d 174.
Secondly, the appellant contends that the trial court erred in limiting the time of closing argument. Initially, it does not appear from the record that the trial judge arbitrarily limited the time; but even if he did it does not appear that this would be an abuse of discretion. Generally, the manner of conducting a trial and the time for closing argument lies within the discretion of the trial judge. Daniel v. Rogers, Fla. 1954, 72 So.2d 391; 32 Fla.Jur., Trial, § 116; Anno. 3 A.L.R.3rd 1341.
Thirdly, the appellant contends the trial judge erred in giving the following instruction:
"Physicians are not held liable under the law for honest errors of judgment. They are allowed a wide range in the exercise of their judgment and discretion. To hold one liable, it must be shown that the course which he pursued was clearly against the course recognized as correct by his profession."
This instruction followed the law, as announced in the following cases: Bourgeois v. Dade County, Fla. 1956, 99 So.2d 575, 72 A.L.R.2d 391; Blackwell v. Southern Florida Sanitarium and Hospital Corporation, Fla.App. 1965, 174 So.2d 45. Therefore, no error is found in the trial judge's giving of this instruction.
Lastly, in view of what has been said above, there was no error in the entry of the cost judgment complained of by the appellant. Ossinsky v. Nance, Fla.App. 1960, 118 So.2d 47; Rutkin v. State Farm Mutual Automobile Insurance Company, Fla.App. 1967, 195 So.2d 221; § 57.041, Fla. Stat., F.S.A.
Therefore, for the reasons above stated, the verdict and final judgment here under review be and the same is hereby affirmed.
Affirmed.