(7 Misc. Rep. 30.)

## GERAGHTY v. NEW.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

PARENT AND CHILD—LOSS OF SERVICES—ACTION BY MOTHER.

A mother cannot sue for injuries to her minor child where the father was living at the time of the injury, though he died before the action was brought.

Action by Bridget Geraghty against Jacob New to recover damages for the loss of services of plaintiff's minor son, who was injured in a passenger elevator in defendant's premises, 24 North Chambers street. At the time of the accident the father of the minor was living, and he died 9 months and 12 days after the accident to the child. The complaint was dismissed, and plaintiff's exceptions were ordered to be heard in the first instance at general term. Overruled.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Benjamin Patterson, for appellant.

Campbell & Murphy, for respondent.

DALY, C. J. The right of a parent to recover for injuries to a child is in an action for loss of services, and is based, therefore, upon the supposed relation of master and servant, and not upon the relation of parent and child. Kennedy v. Railroad Co., 35 Hun, 186. Such right of action can only accrue to one who stands in the relation of master to the child when the wrong is inflicted. A person by whom the relation is subsequently assumed, or upon whom it subsequently devolves, cannot, of course, have such an action for the injury done, not to him, but to a former master. As the father was living when this child was injured, he only had the right of action against the wrongdoer, for his right alone was affected by the trespass. The right of a mother, a widow, to recover for the loss of services of her child does not exist unless the child resides with her and is supported by her at the time of the commission of the wrong which deprived her of its services. At common law the mother has not, like the father, a legal right to the services of a minor child, and there is consequently no ground for implying the relation of master and servant between them. The relation must be actual, or cannot exist. The father may have an action, even although his child be actually in the service of another at the time of the infliction of the injury, for he has a legal right to the services of the child, and may command them at any time; but the mother has no such legal right, and there is no relation of master and servant between her and the child while the

father is living. The father has an action for loss of services in a case of seduction, though, at the time of the commission of the offense, the daughter was in the service of the wrongdoer or of a third party; but, if the father be dead, the mother has no action unless the daughter, at the time of the offense, resides with her. This was held where the seduction was in the lifetime of the father, but the child was not born until after his death and the mother paid the lying-in expenses. It was adjudged that she could not maintain an action, because the daughter was not in her service, but the service of the father, at the time of the commission of the offense. And so, where the daughter was seduced by the defendant while in his service, and in consequence of her pregnancy returned to her mother, who maintained her until after her confinement. Lord Denman said that, to support such an action, the defendant's act must have been wrongful to the plaintiff; and he asks, how can it be unless the relation of master and servant subsists at the time of the seduction? On the same point Gibson, C. J., said, "A party cannot entitle himself to an action for what was no wrong to him." There is no action maintainable except upon the ground of the supposed relation of master and servant. Bartley v. Richtmyer, 4 N. Y. 38, where the authorities above referred to are reviewed.

The courts do not lose sight of the old principle that the loss of services is the foundation of the action. 17 Amer. & Eng. Enc. Law, 388, and cases cited; White v. Nellis, 31 N. Y. 405; Dain v. Wyckoff, 7 N. Y. 191; Mulvehall v. Millward, 11 N. Y. 343. In the present case the plaintiff, the mother of the child, was not entitled to defendant's services at the time of the injury complained of, because the father was living, and upon principle and authority she cannot recover damages for such injury. In an action by a mother for damages for loss of services of an infant child, the mother must allege and prove that at the date of the accident the child was in her service. Matthews v. Railroad Co., 26 Mo. App. 75. By a late statute of our state (chapter 175, Laws 1893, taking effect March 22, 1893) every married woman is constituted joint guardian of her children with her husband, with equal powers, rights, and duties. What effect this provision may have upon a right of action for injuries to a child inflicted after the passage of the act may be an interesting question, but the injury complained of in this action occurred before the law had invested the mother with rights similar or equal to those of the father. The complaint was, therefore, properly dismissed. The exceptions must be overruled, and judgment ordered for the defendant. All concur.