(10 Misc Rep. 405.)

O'ROURKE v. JOHN HANCOCK MUT. LIFE INS. CO.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

1. LIFE INSURANCE—WARRANTIES—APPLICATION FILLED UP BY AGENT.
    Where an applicant for life insurance was unable to read or write, and was not informed of the purport of the written application which was filled up by the agent, or questioned on matters appearing therein as warranties, or called on to sign it, the company, after receiving the premiums, is estopped from setting up a breach of warranty.

2. SAME—PROOFS OF DEATH—WAIVER.
    The refusal of a life insurance company to allow the holder of a policy to prepare the proofs of death which it required, on the ground that the policy was void, is a waiver of the requirement.

3. SAME—CHILDREN—AMOUNT OF INSURANCE.
    Laws 1892, c. 690, § 55, providing that "a policy" may be taken out on the life of a child for an amount not exceeding $30, does not forbid several policies for that amount, but merely limits the amount of a single policy.

**4. SAME—RIGHTS OF MOTHER.**

Under laws 1893, c. 175, conferring on a mother powers, rights, and duties, in respect to her children equal to those possessed by the father at common law, she is liable for the support of her child, within meaning of Laws 1892, c. 690, § 55, allowing the one so liable to insure its life.

Appeal from Fifth district court.

Action by Margaret O'Rourke against the John Hancock Mutual Life Insurance Company on a policy of life insurance. From a judgment rendered by the justice, without a jury, in favor of plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, J.

M. D. Stener, for respondent.

Leonard J. Langbein, for appellant.

BISCHOFF, J. It is claimed that the plaintiff's recovery upon the policy in suit is opposed to law upon three separate grounds: First, that it appears from the application for the policy that there had been a breach of warranty; second, that no proofs of death were filed with the defendant company; and, third, that this policy was obtained in contravention of section 55 of the insurance law (chapter 690, Laws 1892), regulating insurance upon the lives of infants. The facts in the case are practically uncontradicted, and these are that the insurance was effected through the solicitation of one of the defendant's agents; that the policy was delivered to the plaintiff, was for the sum of $30, and that the premiums were paid as they fell due; that the plaintiff was unable to read or write, and was the mother of the insured, an infant between the ages of one and two years; that at the time when this policy was taken out there existed insurance upon the life of the child to the extent of $30; that the plaintiff was not asked for particulars, or to make any statement with regard to the matters appearing in the application as warranties, the application being filled out by the agent, and the plaintiff being uninformed as to its purport, nor was she called upon to sign it. Under these circumstances as last set forth, the claim that the statement with reference to the absence of prior insurance constituted a breach of warranty with which the plaintiff was chargeable has no foundation, the defendant being estopped from availing itself of this objection. Miller v. Insurance Co., 107 N. Y. 296, 14 N. E. 271; Rowley v. Insurance Co., 36 N. Y. 550; O'Brien v. Society, 117 N. Y. 318, 22 N. E. 954. As groundless, also, is the defense that no proofs of death were furnished. It is uncontradicted that the defendant refused to allow the plaintiff to prepare these proofs, claiming that the policy was void. Thus a waiver of the requirement resulted. Grattan v. Insurance Co., 80 N. Y. 281.

The main and much-contested point in the case has reference to the construction of the late legislative enactment regulating the amount of insurance policies upon the lives of children. The act in question (Laws 1892, c. 690, § 55), in so far as it bears upon the matters in suit, is as follows:

"No policy or agreement for insurance shall be issued upon the life or health of another or against loss by disablement by accident, except upon the

application of the person insured; but a wife may take a policy of insurance upon the life or health of her husband or against loss by his disablement by accident. * * * And a person liable for the support of a child of the age of one year and upward may take a yearly renewable term policy of insurance thereon, the amount payable under which shall not exceed the sums specified in the following table, the ages wherein specified being "the age at time of death, and which, after the age of thirteen, may become an ordinary life policy for an amount not exceeding the sum specified in the table. Between the ages of one and two years, thirty dollars."

It is urged by the appellant that the language adopted, viewed in the light of the circumstances leading to the passage of the act, and construed liberally, for the purpose of upholding the legislative intent, limits the entire amount of insurance to be obtained upon the life of the infant to the sums named in the schedule; while the respondent contends that a strict construction of the act should obtain, and its effect be limited to individual policies only. There would seem to be little doubt that the statute was intended to be aimed against the obtaining of excessive general insurance by parents upon the lives of their children, and there is certainly much to be commended in the policy suggested, but the act cannot be given the force which would carry that policy into full effect without a disregard of the rules governing the courts in their construction of statutes. This statute, in so far as its limits the amount of insurance to be carried, is in derogation of the right of a parent at common law to effect insurance upon the life of a minor child, and is, therefore, to be given that strict construction which must obtain in the case of such an enactment. That by the common law the parent had the right to insure the child's life is not open to question as a general proposition (Grattan v. Insurance Co., 15 Hun, 74; Mitchell v. Insurance Co., 45 Me. 104; May, Ins. §§ 104, 105), although the authorities have been in some conflict as to whether this right must have its foundation upon some pecuniary interest in the child's life, or whether the ties of natural affection suffice to uphold the contract, (Morrell v. Insurance Co., 57 Am. Dec. 94, note). The weight of authority in this country favors the view that the interest must be a pecuniary one, but precedents of eminence in support of a contrary view are by no means lacking. Warnock v. Davis, 104 U. S. 775; Insurance Co. v. Bailey, 13 Wall. 619; Grattan v. Insurance Co., supra. A parent, however, who is entitled to the services of a child, has an insurable interest of a pecuniary nature in the life of that child, resting upon the expected benefit to be derived from such services; and this interest is sufficient to take the policy out of the class of wager contracts, and thus to give it validity. Mitchell v. Insurance Co., supra. The fact that the child is in infancy at the time cannot affect the question, in view of the rule of the law which authorizes a recovery by the parent of damages for the loss of expected services of an infant child in an action against an individual causing its death through negligence. Etherington v. Railroad Co., 88 N. Y. 641; Birkett v. Ice Co., 110 N. Y. 504, 18 N. E. 108; Butler v. Railroad Co., 143 N. Y. 421, 38 N. E. 454. It results that this statute is to be construed strictly as an act in derogation of the common law, and such construction precludes the giving

of effect to a supposed intention of the legislature when that intention is not actually expressed. 23 Am. & Eng. Enc. Law, p. 420, and cases cited. In such a case we are bound to assume that the legislature intended to change the common law only so far as the strict letter of the act provides. Dean v. Railroad Co., 119 N. Y. 540, 547, 23 N. E. 1054. The words "may take a policy," following the general restriction against the effecting of any life insurance without the consent of the insured, are not, therefore, to be read as intending the making of but one such contract, this not being the natural interpretation of the phrase. The same phrase is used with regard to a wife's insurance upon the life of her husband, and it is in no way to be gathered from the phraseology of the act that the legislature thereby sought to abridge the right of a wife to make unlimited contracts on insurance upon such life, which right was theretofore undoubtedly possessed. Holmes v. Gilman, 138 N. Y. 369, 34 N. E. 205. The effect of the statute, according to the necessary construction, is that a policy taken upon the life of a child by virtue of its provisions cannot exceed the sums specified in the schedule set forth, and so far only does the restriction extend.

We have, in the above discussion, considered the statute with regard to its effect upon the common-law rights of the party whose pecuniary interest in the services of the child would afford a basis for the contract of insurance. The policy in suit was taken by the child's mother during the lifetime of the father, with whom she and the infant resided continuously; and it may well be that the contract would have been invalid at common law if depending upon a pecuniary interest alone, by reason of the exclusive right to the benefit of the child's services which was possessed by the father under such circumstances. Geraghty v. New, 7 Misc. Rep. 30, 27 N. Y. Supp. 403. In such a case, however, no better support for the contract could be found in the act considered, owing to its provision regarding the liability for the child's support as determining the right of an individual to effect the insurance, which provision appears to be but declaratory of the law governing the rights of the respective parents to the services of the child. Geraghty v. New, supra. However, a later statute (Laws 1893, c. 175), in operation shortly prior to the date when this contract was made, has, by clothing a mother with powers, rights, and duties with regard to her children equal to those of her husband, necessarily extended to her the benefit to be derived from a child's services theretofore enjoyed exclusively by the father, and as limited by the statute first above considered, in a case where the facts bearing upon the domestic relations of the parties were as here appeared. This would seem to be the obvious result of the enactment, and support is thus to be given to the policy of insurance in suit. The judgment is affirmed, with costs.