O'BRIEN, Respondent, v. NATIONAL LIFE ASS'N, Appellant. (Supreme Court, General Term, Third Department. February 12, 1895.) Action by Nellie O'Brien against the National Life Association. No opinion. Judgment affirmed, with costs.

OBRIGHT, Respondent, v. FELSENHELD et al., Appellants. (City Court of New York, General Term. March 19, 1895.) Action by Jacob J. Obright against Louis Felsenheld and others. Benno Loewy, for appellants. Joseph C. Rosenbaum, for respondent.

NEWBURGER, J. This action is brought for damages for the breach of a contract of employment. The complaint alleges that on or about the 24th day of February, 1893, the plaintiff and defendants entered into an agreement whereby the plaintiff was to give his services to the 1st day of January, 1894, and that he was to receive a salary of $27 a week; that plaintiff entered upon such employment, and discharged all his duties until on or about the 6th day of May, 1893; and that he was at all times ready and willing to perform all the conditions of the said agreement, but said defendants refused to allow him to do so, to his damage. The answer, in addition to a general denial, alleges that the plaintiff was hired by the defendant under a written agreement, in which it was specified and agreed that he might be discharged at the end of one week, and that the plaintiff should have no claim upon the defendants except for wages due him up to the time of his discharge, and that he was fully paid up to that time. Upon the trial, a verdict was rendered in favor of the plaintiff, and from the judgment entered thereon, and from an order denying a motion for a new trial, this appeal is taken. It is contended by the defendants that the hiring of the plaintiff took place in January, and that he, on the 1st day of February, signed the agreement whereby his engagement was to be by the week, which might be terminated on Saturday. Plaintiff, however, testified that his original hiring was in the silk waist and suit department, of which he had charge, and that on or about the 24th day of February, 1893, the defendants employed him in another department for the rest of the year. The question of the term of employment, therefore, became a question of fact, and was properly submitted to the jury, whose finding is sustained by the evidence. The trial justice, in his charge, properly stated the law governing the case, and we fail to find any exceptions in the case that would warrant us in disturbing the judgment. Judgment and order appealed from affirmed, with costs.

OLIPHANT, Respondent, v. METROPOLITAN EL. R. CO., Appellant. (Supreme Court, General Term, First Department. February 15, 1895.) Action by Eliza Oliphant against the Metropolitan Elevated Railroad Company. E. A. Tuttle, for appellant. W. H. Hamilton, for respondent. No opinion. Judgment affirmed, with costs.

O'ROURKE v. JOHN HANCOCK MUT. LIFE INS. CO. (Common Pleas of New York City and County, General Term. February 4, 1895.) Action by Margaret O'Rourke against the John Hancock Mutual Life Insurance Company. Langbien Bros. & Langbein, for defendant. No opinion. Motion by defendant (appellant) for reargument and leave to appeal to court of appeals. Motion denied, with $10 costs. See 31 N. Y. Supp. 130.