(21 Misc. Rep. 88.)

### WOEHRLE v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term. July 29, 1897.)

**1. INSURANCE—FALSE ANSWERS—KNOWLEDGE OF INSURED.**
The fact that an applicant for life insurance could not see well, and did not hear his application read, nor know what it contained, he not being illiterate, and no fraud of the insurance company's agents intervening, does not avoid the effect of a false answer to a question in the application, which is made a warranty in the contract of insurance.

**2. SAME—WARRANTIES—BREACH—BAD FAITH.**
If a warranty in a contract of insurance is false in fact, it avoids the contract, even though believed by the insured to be true, and made in good faith.

Appeal from city court of New York, general term.

Action by Otthilia Woehrle against the Metropolitan Life Insurance Company. A judgment in favor of plaintiff was affirmed by the general term of the city court (45 N. Y. Supp. 1151), and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Arnoux, Ritch & Woodford (C. N. Bovee, Jr., of counsel), for appellant.

S. E. Duffey, for respondent.

McADAM, J. The action is by the beneficiary named in a policy of insurance issued by the defendant May 21, 1894, upon the life of her husband, Frank Woehrle. The policy provides "that no obligation is assumed by the company * * * unless on said date the assured is alive and in sound health." In answer to a question contained in the printed and written application for the policy, which was thereby made a warranty, in consideration of which the contract was made, the assured said he was then in sound health, and

had never been sick or under treatment in any dispensary, hospital, or asylum. In a paper called a "Declaration and Warranty by the Insured," and signed by him, it is agreed and warranted that the application has been made, prepared, and written by the applicant or by his own proper agent, and that the company is not to be taken as responsible for its preparation, or for anything contained therein or omitted therefrom. It was also agreed that any untrue answer would render the policy null and void. It was clearly proved that all of the answers above referred to were false; that the assured had been treated by Dr. Kubin, at the German Hospital, for Bright's disease; and that at the time he was discharged from that institution, on April 2, 1894, he was not well. The policy was issued May 21, 1894, about seven weeks afterwards, and the assured died of Bright's disease on the 1st day of August following. The falsity of these answers clearly constituted a breach of the warranty, and avoided the policy.

The plaintiff claims that because the assured had trouble with his eyes, and could not see well, and for the additional reason that the application was not read to him, and he did not know what answers had been inserted therein, it is not binding on the beneficiary; and O'Rourke v. Insurance Co., 10 Misc. Rep. 405, 31 N. Y. Supp. 130, and O'Brien v. Society, 117 N. Y. 310, 22 N. E. 954, are cited to sustain this contention. In those cases the persons insured were illiterate. The applications were prepared by agents of the insurers. The untrue answers were written out by the fraud or mistake of the agents, and the defendants were held estopped from setting up the breach. Those cases are inapplicable here, for in this instance the assured was not illiterate, and there was no fraud or mistake by the agents of the company, as there is an express warranty that the persons who prepared the application are to be regarded as the agents of the assured, and that the company is not to be responsible for its preparation or anything contained therein or omitted therefrom. See McDonald v. Insurance Co., 17 App. Div. 16, 44 N. Y. Supp. 818. The defendant had the right to protect itself in this manner against the effect of fraudulent acts even of its own agents, and the provision is valid and enforceable against the beneficiary. Bernard v. Association, 14 App. Div. 142, 43 N. Y. Supp. 527. It is impossible, therefore, to avoid the legal conclusion that the policy, by reason of the breach of warranty, was annulled, and that the motion made at the close of the case to dismiss the complaint on that ground should have been granted. The exception to the refusal to dismiss is consequently fatal.

The defendant's counsel requested the trial judge to charge the jury that, if the deceased was not in sound health at the time of the application upon which the policy issued, the plaintiff could not recover. The trial judge declined so to charge, and said, in substance, that if a disease existed in the insured, and he knew nothing about it, and honestly answered "No," there might be a recovery. The defendant's counsel then requested the court to charge "that it is immaterial whether the assured knew the answer was untrue." The court declined so to charge, and to these several rulings the

defendant excepted. The trial judge evidently confounded the difference between a mere representation collateral to the contract, and a warranty, which is part of it (Richards, Ins. 62), for in the latter case it is not important that the party making the warranty believes in its entire truth; if it be false in fact, it avoids the contract (Clemans v. Supreme Assembly, 131 N. Y. 485, 488, 30 N. E. 496; Cushman v. Insurance Co., 63 N. Y. 404, 409; Gratton v. Insurance Co., 15 Hun, 74, 78). Whether untrue to the knowledge of the party proposing the life is to the company matter of little importance; for a warranty, the basis of the contract, is taken with reference to the fact, and not with reference to the knowledge of the party. MacDonald v. Insurance Co., L. R. 9 Q. B. 328, 331. In Foot v. Insurance Co., 61 N. Y. 571, the court charged the jury, substantially as the trial judge did here, that the answers of the assured did not vitiate the policy, unless knowingly untrue; and the court of appeals held that the judgment was properly reversed at the general term. The action by the plaintiff is on the policy and the affirmance of its different provisions. She cannot enforce those that are beneficial, and eliminate those that are detrimental, to her. If the action had been founded on a rescission of the contract, to recover back the premiums paid on the ground of fraud, or to reform the policy in equity, different rules, perhaps, might be applied.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur. ·