### HELLER v. KALISCH.

(Supreme Court, Appellate Division, First Department.   December 2, 1910.)

ATTORNEY AND CLIENT (§ 144*)—CONTRACT FOR SERVICES—INSTRUCTION.

    Plaintiff being about to put a claim in defendant's hands for collection as an attorney, defendant wrote plaintiff that he would require $250 to cover retainer and all expenses, including a hundred dollars which plaintiff as a nonresident would be required to furnish as security for costs. In case of success the hundred dollars would be returned to plaintiff, so that $150 would cover everything, concluding with the words: "If we win, then I will leave it to you to determine the amount of compensation." *Held*, that the letter did not necessarily constitute a complete agreement, and that the clause in case of success plaintiff was to determine the amount of defendant's compensation did not mean that plaintiff could decline to pay anything further, but should be construed to mean that defendant should then receive what his services were reasonably worth.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 332, 333; Dec. Dig. § 144.*]

Appeal from Trial Term, New York County.

Action by Simon Heller against Burnham Kalisch. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Benjamin G. Paskus, for appellant.
Bernard M. L. Ernst, for respondent.

McLAUGHLIN, J. The defendant as an attorney brought an action in the Supreme Court of this state to enforce a claim which the plaintiff, a nonresident, had against a third party. The action resulted in a judgment for the full amount claimed, which, after the plaintiff had consented to reduce to a certain amount, was paid. Out of the amount paid the defendant retained a certain sum in payment for services rendered and remitted the balance to the plaintiff. The plaintiff claimed he had fully paid defendant for the services rendered, and for that reason he had no right to retain such sum, or any part of it, and, after duly demanding payment of the amount retained, brought this action for conversion.

---

It seems that, immediately prior to the time the claim was placed in the defendant's hands for the purpose of bringing an action thereon, he wrote the plaintiff a letter, in which he stated:

"If you wish to intrust the case to me I would require $250, to cover retainer and all expenses including $100, which you, as a nonresident, would be required to furnish as security for costs in the event that we lost. If we win, the $100 will be returned to you, so that $150 will cover everything. If we win, then I will leave it to you to determine the amount of compensation."

The plaintiff contended at the trial, and this was the view entertained by the trial court, that the letter referred to constituted a complete contract between the parties and fixed the compensation to which the defendant was entitled, and, inasmuch as it was conceded that the plaintiff had paid the $250 mentioned, and was unwilling to pay any further sum, he was entitled to the balance, unless this agreement were subsequently modified. The defendant contended that, after the claim had been placed in his hands, there was an agreement by which he was to receive not exceeding 25 per cent. of the amount recovered, and, also, that, after the dispute arose as to the amount to be paid, the matter was submitted to a third party for arbitration, and he decided that the defendant was justified in retaining the amount which he did; that, in any event, he was entitled to recover the reasonable value of the services rendered; and that the letter to which reference has been made did not constitute a complete contract inasmuch as the compensation to be paid in case of plaintiff's success was left open for future consideration. During the course of the trial, the defendant sought to prove the nature, extent, and value of the services performed by him, but all testimony bearing on this subject was excluded upon plaintiff's objection, to which an exception was duly taken. The court charged the jury, to which an exception was also taken, that "the pecuniary relations between the plaintiff and the defendant were at the outset fixed by the defendant himself" by the letter referred to and that he would only submit two questions to them, viz.: (1) To determine whether an agreement were entered into between the parties subsequent to the receipt of the letter by which the defendant was to receive, in case of success, a sum not exceeding 25 per cent. of the amount recovered; and (2) whether, after the dispute arose between the parties as to the amount of compensation, the matter was settled by arbitration. Both of these questions the jury answered in the negative, and thereupon the court directed a verdict in favor of the plaintiff for the full amount claimed, and defendant appeals.

I am of the opinion that the court erred in holding that the letter to which reference has been made constituted a complete agreement between the parties. The whole letter must be read and construed together in order to ascertain its legal effect, and, when thus read, it is perfectly obvious that the amount of compensation to be paid to the defendant, in case of plaintiff's success in the action, was left open for future consideration; otherwise there is no meaning to the sentence, "If we win, then I will leave it to you to determine the amount of compensation." The fact that the defendant stated he was willing to leave the amount to be paid to the plaintiff himself

did not mean that the plaintiff could decide not to pay anything. That simply meant what a reasonable person under similar circumstances would pay.   It is a general rule of construction that words of a contract will be given a reasonable construction where that is possible, rather than an unreasonable one (Schoellkopf v. Coatsworth, 166 N. Y. 84, 59 N. E. 710), and also that the court will endeavor to give a construction most equitable to both parties, instead of a construction which will give one of them an unfair or unreasonable advantage over the other (9 Cyc. 587).   Defendant, therefore, should have been permitted to prove what he did and what the services rendered were worth, and this amount he was entitled to recover, even though the jury found against him upon the two questions submitted to them. Plaintiff had had the benefit of the services, and was obligated to pay what the same were reasonably worth.   The letter referred to did not excuse him from making such payment or limit the defendant to the amount asked for in the letter.

The judgment and order appealed from, therefore, must be reversed and a new trial granted with costs to the appellant to abide the event of the action.   All concur.