MINNIE FLYNN, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

Insurance (life) — restriction on insurance on life of a child — Insurance Law, section 55, construed.

The provision of the Insurance Law (Cons. Laws, ch. 28, § 55) fixing the amount of insurance which may be taken on the life of a child by a person liable for its support does not alone restrict the amount of insurance by a single policy, but limits the total amount of such insurance.

*Flynn* v. *Prudential Ins. Co.*, 145 App. Div. 704, reversed.

(Submitted January 15, 1913; decided February 4, 1913.)

# 316 FLYNN v. PRUDENTIAL INS. CO.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 31, 1911, in favor of plaintiff upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*H. C. Mandeville* for appellant. The Laws of 1892, chapter 690, section 55, limit the amount of insurance to be obtained upon the life of an infant to the sums named in the schedule therein contained and by reason of the earlier insurance in force the two policies of the defendant are absolutely void. (*People ex rel. Swift* v. *Luce*, 97 N. E. Rep. 850; *People ex rel. Wood* v. *Lacombe*, 99 N. Y. 43; *Spencer* v. *Myers*, 150 N. Y. 269; *People* v. *N. Y. C. R. R. Co.*, 13 N. Y. 78; *People* v. *Fitzgerald*, 180 N. Y. 269; *People ex rel. 23d St. Ry. Co.* v. *Comr. of Taxes*, 95 N. Y. 554; *Hudson Iron Works* v. *Alger*, 54 N. Y. 173; *Bell* v. *Mayor, etc.*, 105 N. Y. 139; *Meade* v. *Stratton*, 87 N. Y. 493; *People* v. *Feitner*, 168 N. Y. 360; *Chase* v. *N. Y. C. R. R. Co.*, 26 N. Y. 523.)

*Alexander C. Eustace* for respondent. Section 55 of the Insurance Law (L. 1892, ch. 690) is in derogation of the common law and should, therefore, be strictly construed. (*Grattan* v. *Nat. Life Ins. Co.*, 15 Hun, 74; *Geoffrey* v. *Gilbert*, 5 App. Div. 98, 100; 154 N. Y. 741; *Warnock* v. *Davis*, 104 U. S. 775; *Mitchell* v. *Union Life Ins. Co.*, 45 Me. 104; *Loomis* v. *E. L. & H. Ins. Co.*, 6 Gray [Mass.], 396; *Dean* v. *Met. El. Ry. Co.*, 119 N. Y. 510; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *Burnside* v. *Whitney*, 21 N. Y. 148; *People ex rel. Hatzel* v. *Hall*, 80 N. Y. 7; *Bertles* v. *Nunan*, 92 N. Y. 153; *People* v. *Palmer*, 109 N. Y. 110; *Fitzgerald* v. *Quinn*, 109 N. Y. 441; *Village of Stamford* v. *Fisher*, 140 N. Y. 187; *Johnson* v. *So. Pac. Co.*, 117 Fed. Rep. 462.) The fair and logical construction of the language of section 55 of the

Insurance Law, reading the section as a whole, is that the legislature intended the phraseology in respect of insurance upon an infant's life to relate only to a single policy. (*O'Rourke* v. *J. H. L. Ins. Co.*, 10 Misc. Rep. 405; *Markey* v. *County of Queens*, 154 N. Y. 675.)

CULLEN, Ch. J. The controversy in this case involves the construction of section 55 of the Insurance Law. Helen M. Flynn, a daughter of the plaintiff, was born January 23d, 1902, and died January 16th, 1910. On February 9th, 1903, the plaintiff obtained from the Metropolitan Life Insurance Company a policy of insurance upon the life of said infant by which, on the infant's death between the ages of seven and eight years, she was to be paid the sum of eighty dollars. On March 2d, 1903, she obtained from the same company another policy on the same life for the same sum. On May 11th, and December 19th, 1903, respectively, the plaintiff insured the same infant's life with the defendant under the terms of which on the daughter's death she was entitled to receive the sum of $162.40.

The Metropolitan Company paid the plaintiff the amount of the policies it had issued. The defendant has refused to pay the amount prescribed by its policies, claiming that under section 55 of the Insurance Law the policies were void. It does, however, offer to return the amount of the premiums paid by the plaintiff, being the sum of $39.72. The section of the Insurance Law is as follows: "No policy or agreement for insurance shall be issued upon the life or health of another or against loss by disablement by accident except upon the application of the persons insured; but a wife may take a policy of insurance upon the life or health of her husband or against loss by his disablement by accident; an employer may take out a policy of accident insurance covering his employees collectively for the benefit of such as may be injured, and a person liable for the support of a child of

the age of one year and upward may take a yearly renewable term policy of insurance thereon, the amount payable under which may be made to increase with advancing age and which shall not exceed the sums specified in the following table, the ages wherein specified being the age at time of death, and which, after the age of thirteen, may become an ordinary life policy for an amount not exceeding the sum specified in the table:   *   *   *

" Between the ages of seven and eight years, one hundred and sixty-eight dollars."

The learned Appellate Division has held that the statutory provision in question limits only the amount for which a person liable for the support of a child may insure its life by a single policy, but in no respect limits the total amount of insurance that may be effected upon such life.   This conclusion was reached by the court upon the authority of the decision of the General Term of the Court of Common Pleas of the city of New York in *O'Rourke* v. *John Hancock Mut. Life Ins. Co.* (31 N. Y. Supp. 130).   This construction seems to me to render the statutory provision simply absurd.   What possible ground can be suggested by the most ingenious mind for the requirement that unlimited insurance should be effected only by several policies, each of which should not exceed the sum prescribed by the statute ?   The evil sought to be guarded against by the statute is the neglect or actual maltreatment of infants of tender years by those liable for their support, for the purpose of making pecuniary profit out of the infant's death.   This result could be effected by limiting the amount of insurance permitted on the infant's life, not at all by limiting the amount of a single policy, if other policies were to be permitted. Two rules of construction are well settled:   *First.* " Every interpretation that leads to an absurdity should be rejected."   (Kent's Com. 462; Potter's Dwarris on Statutes, p. 128; *Matter of Folsom,* 56 N. Y. 60, 66.)   *Second.*

"In the interpretation of statutes, the great principle which is to control is the intention of the legislature in passing the same, which intention is to be ascertained from the cause or necessity of making the statute as well as other circumstances. A strict and literal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within its letter." (*People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43, 49; *Matter of Folsom, supra.*) In reality, however, it is not necessary to invoke either of these rules. The learned judge who wrote the opinion in *O'Rourke* v. *John Hancock Mut. Life Ins. Co.* (*supra*), while conceding that the statute was aimed against obtaining excessive insurance by parents upon the lives of their children, felt that the statute was in derogation of the common law and, therefore, could not be extended beyond its terms, but must be construed strictly. But the case falls within the precise letter of the statute. The first provision is: " No policy or agreement for insurance shall be issued upon the life or health of another or against loss by disablement by accident except upon the application of the person insured." This inhibition is general and absolute, and had the section ceased there, all insurance on the lives or persons of infants of such tender years as to be unable to make application therefor would be void. The general rule, however, is followed by an exception, but to take any particular case without the rule it must be shown to fall within the exception. The exception is " but  *  *  *  a person liable for the support of a child of the age of one year and upward may take a yearly renewable term policy of insurance thereon, the amount payable under which may be made to increase with advancing age and which shall not exceed the sums specified," etc. If the statute is to be construed literally, the exception is confined to " a policy," that is to say, a single policy. Of course, it would be unreasonable to so

limit it.   But the point of this analysis is to show that a construction of the statute which allows the issue of more than one policy of insurance, but restricts the total amount of insurance, is an extension of the language, not of the rule, but of the exception; not of the inhibition against insurance, but of the permission allowing it to a certain extent.   Therefore, that construction is not at all subject to the objection to it urged by the learned court in the *O'Rourke* case, and as it concededly effectuates the purpose and intent of the legislature, it should be adopted.

The judgment appealed from should be reversed and judgment rendered for the plaintiff for $39.72, without costs.

CHASE, J.   I concur.   Although the *O'Rourke* case was decided more than eighteen years ago, it does not appear that the insurance department, or any of the insurance companies, have since acted upon the authority of that case, or accepted through long acquiescence the judicial construction asserted by that decision as claimed by the respondent.   The policies in suit were obtained by the plaintiff falsely stating in the application therefor that the child was not insured in any other company.

WERNER, WILLARD BARTLETT, HISCOCK, COLLIN and HOGAN, JJ., concur with CULLEN, Ch. J., and CHASE, J., concurs in memorandum.

Judgment reversed, etc.