### DOLAN v. JOHN HANCOCK MUT. LIFE INS. CO.

(Supreme Court, Special Term, Erie County. March, 1913.)

1. INSURANCE (§ 140½, New, vol. 12 Key-No. Series)—LIFE POLICIES—CONDITIONS—EFFECT.

In view of Insurance Law (Consol. Laws 1909, c. 28) § 55, providing that a person liable for the support of a child of the age of one year or upward may take a yearly renewable term policy of insurance on its life, the amount payable under which shall not exceed the sum specified in a table referred to, which fixes the maximum amount at 14 years as $520, a condition in an insurance policy issued by a foreign company, providing that if other policies are in force the amount payable shall not be greater than the difference between the amount specified in a table opposite the age at death and the total amount payable under all other policies, which table was the same as one referred to in the statute, applies to all policies, whether in favor of the beneficiary of the policy in question or not; this being manifest in view of the fact that the statute was for the protection of minor children, and that the policy in question allowed a change in beneficiaries at the option of the insured.

2. INSURANCE (§ 140½, New, vol. 12 Key-No. Series)—LIFE INSURANCE—CONDITIONS.

Parties to a life insurance contract have the right to insert a lawful stipulation limiting the amount of insurance; and if the requirement is unambiguous it must be enforced by the courts, regardless of its apparent immateriality.

Appeal from City Court of Buffalo.

Action by Julia Dolan against the John Hancock Mutual Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed.

George P. Keating, of Buffalo, for appellant.
Lawrence J. Collins, of Buffalo, for respondent.

WHEELER, J. This action was brought upon a policy of insurance issued by the defendant, whereby the insurance company insured the life of Elizabeth Dolan for the benefit of Julia Dolan, the sister-in-law of the insured. Elizabeth Dolan, whose life was insured, was a minor of the age of 14 years at the time the policy was issued. Her death occurred within 6 months after the issuing of the policy. Just what insurable interest the plaintiff had in the life of the insured does not appear. It is very questionable whether she had any; but this point was not raised by answer or upon the trial of this action in the court below. All the material facts in this case were stipulated, and the disposition of this appeal presents pure questions of law.

The defendant is a foreign corporation, organized under the laws of Massachusetts. The full amount insured by the policy was the sum

of. $464; but the policy provided that during the first six months from the date of the policy the sum insured would be one-half only of the full amount of the policy. Death having occurred before the expiration of the period, the plaintiff sought to recover only $232, and the court below gave judgment against the defendant for that sum, with interest and costs.

[1] By the terms and conditions of the policy, it was provided:

"If· other policies of insurance in this ·or other companies are in force at the time of death, the amount payable under this policy shall not be greater than the difference between the amount specified in the above table, opposite the age at death, and the total amount payable under all other policies by whomsoever issued."

The table referred to specified the amount payable at the age of 14 years to be $520.

At the time of death Elizabeth Dolan was, in fact, insured by the Metropolitan Life Insurance Company for the sum of $500. The existence of this second policy, it was stipulated, was unknown to either the plaintiff or the defendant at the time of the issuance of the policy by the defendant upon which this action is founded.

The defendant therefore contends that under the terms of the policy. it became liable only for the difference between the amount of the Metropolitan policy, to wit, $500, and the sum specified in the table, to wit, $520, and accordingly offered judgment for the sum of $20.

The plaintiff contends that the policy should be construed as not applying to insurance held by persons other than herself, and had no application to policies issued to the mother or other parties, and therefore claims she is entitled to recover the amount demanded. The court below sustained this contention of the plaintiff, and rendered judgment accordingly, and the defendant appeals from that judgment.

We are of the opinion the court below erred in its disposition of this case. The condition limiting the liability seems to be plain and explicit. The condition reads, "If other policies of insurance in this or other companies are in force at the time of death," etc., the liability shall be the amount specified earlier in this opinion. The policies referred to in the clause are not confined to policies held by the beneficiary, but the clause refers to any policy or policies outstanding on the life of the insured. The policy in suit, by its terms, expressly provides that the beneficiary may be changed from time to time by the insured with the consent of the company. So that, under policies of this nature, the beneficiary had no vested right in the policy which might not be defeated at any time by a change of the beneficiary.

By reference to the application and the answers made to the questions propounded (which application is copied upon the back of the policy itself and made a part of it), it will be observed the insured was asked:

"Has application for insurance on your life been made to this or any other company or society?" etc.

In construing the meaning of the previous clause quoted, this question is significant as indicating that the words "other policies of insurance in this or other companies" referred to any policy or policies

on the life of the insured, to whomsoever payable as beneficiary, but which might be changed at any time.

The return on the appeal does not specifically state where the application for the policy of insurance in question was made, but the complaint alleges that the defendant is a foreign corporation having an office and general agent for the transaction of business in the city of Buffalo, and it is fair to assume that the policy was negotiated and delivered in this state, where the action was instituted, and that the policy in question was written and issued with reference to the statutes of the state of New York, under which the Massachusetts company was permitted to transact business within this state. By the statute of this state (section 55 of the Insurance Law [Consol. Laws 1909, c. 28]), it is provided:

"A person liable for the support of a child of the age of one year or upwards may take a yearly renewable term policy of insurance thereon, the amount payable under which may be made to increase with advancing age, and which shall not exceed the sum specified in the following table, the ages therein specified being the age at the time of death," etc.

The table referred to in the statute makes the maximum amount at 14 years as $520.

It has been very recently held by the Court of Appeals, in the case of Flynn v. Prudential Ins. Co. of America, 207 N. Y. 315, 100 N. E. 794, that this statute not alone restricts the amount of insurance by a single policy, but limits the total amount of such insurance. In the opinion rendered in that case, Chief Justice Cullen discusses the purpose of the statute as designed to guard infants and persons of tender years from "neglect or actual maltreatment * * * by those liable for their support, for the purpose of making pecuniary profit out of the infant's death." 207 N. Y. 318, 100 N. E. 795.

[2] Whether the New York statute is to be deemed applicable or not to the circumstances of this case, where the policy was issued by a Massachusetts insurance company, nevertheless the evil consequences which are liable to flow from unlimited insurance on the lives of minors, and which have been made the subject of prohibitive legislation, throw strong light on the purpose and meaning to be given the particular clause in the policy in suit, declaring that, where "other policies of insurance in this or other companies are in force at the time of death, the amount payable under this policy shall not be greater than the difference between the amount specified in the above table opposite age at death, and the total amount payable under all other policies by whomsoever issued." We think it was the clear intent to limit the total amount of insurance on the minor's life in the interest of the minor's welfare, as well as for the protection of the insurance company, and in compliance with a sound general policy on that subject. At least, a construction should be placed on the contract of insurance which will harmonize with the legislative policy of the state. If such is the construction to be given the clause, then it is the duty of the court to enforce it. As was said in Dwight v. Germania Life Ins. Co., 103 N. Y. 345, 8 N. E. 655, 57 Am. Rep. 729:

"Parties to an insurance contract have the right to insert such lawful stipulations and conditions as they may mutually agree upon, or which they consider necessary and proper to protect their interests, and which, when made, must be construed, like any other contracts, according to the expressed understanding and intent of the parties making them. If an insurance policy, in plain and unambiguous language, makes the observance of an apparently immaterial requirement the condition of a valid contract, neither courts nor juries have the right to disregard it, or to construct, by implication or otherwise, a new contract in the place of that deliberately made by the parties."

These views necessitate a reversal of the judgment and a new trial in the City Court; costs of the appeal to abide the event.

So ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes