BRAZILIAN EXPORT AND IMPORT COMPANY, INCORPO-
RATED, Plaintiff, *v.* FIREMAN'S FUND INSURANCE COM-
PANY OF SAN FRANCISCO, CALIFORNIA,  Defendant.

(Municipal Court of the City of New York, Borough of Manhattan,
First District, January, 1919.)

Insurance (marine) — construction of policy — ships and shipping — dam-
ages to goods on dock.

Where there is an inconsistency between the provisions of a
policy of marine insurance, a written clause will control over
one which is printed, and special provisions over general.

When printed and typewritten parts of such a policy are not
inconsistent but merely qualify each other, the policy will be
given a construction most equitable to both parties, effect being
given, if possible, to all parts of the contract.

Where to a policy of marine insurance containing the follow-
ing in print:  " Touching the adventures and perils which the
said insurance company is contented to bear, and take upon
itself in this voyage, they are of the seas, fires, pirates, rovers,
assailing thieves, jettisons, criminal barratry of the master and
mariners, and all other like perils, losses and misfortunes, that
have or shall come to the hurt, detriment or damage of the said
goods and merchandise or any part thereof," there is attached a
typewritten " rider " which reads:  " This policy attaches from
time the goods, if at the risk of the assured, leave the store,
warehouse or factory at initial point of shipment and covers
continuously whether made under  through or local bills of
lading or shipping receipts, until the goods are safely delivered
to a store, warehouse or factory at final place of destination,
including risk on docks and while in charge of Customs authori-
ties for examination," no cause of action arises upon proof that
after being taken from a warehouse in the city of New York to
a vessel in Brooklyn, the goods got wet and were damaged
because it snowed and rained during the night they were left
upon a pier awaiting shipment.

ACTION upon a policy of marine insurance.

Municipal Court of New York, January, 1919. [Vol. 106.

Joseph S. Weinberger, for plaintiff.

Kneeland, Harison & Hewitt, for defendant.

OPPENHEIMER, J. This action was brought upon a policy of marine insurance issued by the defendant to the plaintiff, under which plaintiff seeks to recover for loss to merchandise on land while in the course of transportation from a warehouse in New York city to a vessel in Brooklyn, on which the goods were to be shipped to a port in South America. Sixty-one bales of tissue paper were left on pier No. 5, East river, for the night. It snowed and rained that night, and by reason thereof the paper got wet and damaged.

The policy contains 147 lines of small print. Lines 13, 14 and 15, pertinent to this issue, are as follows:

" Touching the adventures and perils which the said insurance company is contented to bear, and take upon itself in this voyage, they are of the seas, fires, pirates, rovers, assailing thieves, jettisons, criminal barratry of the master and mariners, and all other like perils, losses and misfortunes, that have or shall come to the hurt, detriment or damage of the said goods and merchandise or any part thereof."

A typewritten " rider " is attached to the policy, which reads as follows:

" This policy attaches from the time the goods, if at the risk of the assured, leave the store, warehouse or factory at initial point of shipment and covers continuously whether made under through or local bills of lading or shipping receipts, until the goods are safely delivered to a store, warehouse or factory at final place of destination, including risk on docks and while in charge of Customs authorities for examination."

The plaintiff's attorney in his brief contends that

the " rider " superseded the printed parts of the policy and that the insurance company ought to pay the loss sustained by the plaintiff.   Where there is an inconsistency between the provisions of an insurance policy, a written clause will control over one which is printed, and special provisions over general.   *Mosher* v. *Providence Washington Ins. Co.,* 12 Misc. Rep. 106.

The defendant's attorney claims, *first,* that the printed parts of the policy are controlling; *secondly,* that the goods were not in transit at the time they were damaged; *thirdly,* that the plaintiff was negligent in shipping the goods when it was too late to make delivery of them to the steamer.   As I contemplate disposing of the controversy on the first of the defendant's claims, I will not consider the second and third claims as these are not deserving of serious consideration.

In the brief of the defendant's attorney it is stated: "Although this form of insurance, a policy covering an ocean voyage, with the warehouse to warehouse clause added, has been in use for years, few instances have arisen in which the question as to what risks of land transportation are covered, has been considered."

The case of *Kuh* v. *British-American Assur. Co.,* 130 App. Div. 38, first department; affirmed by the Court of Appeals in 195 N. Y. 571, which construed a marine policy of insurance, has no direct bearing on the issue involved in the case at bar for the reason that the loss sustained in that case did not occur while the goods were in transit on land.   See p. 42.

It seems to me that the printed and typewritten parts of the policy are not inconsistent, but qualify each other.   The court should give a construction most equitable to both of the contracting parties.   *Heller* v. *Kalisch,* 141 App. Div. 207.

Effect is to be given, if possible, to all parts of a

contract both printed and written. *Flanagan* v. *Fox,* 6 Misc. Rep. 132; affd., 144 N. Y. 706; 16 Amer. & Eng. Ency. of Law, 864; *Chadsey* v. *Guion,* 97 N. Y. 333. And see, also, 188 N. Y. 167; 162 App. Div. 38.

One of the risks insured against is loss by " fires." This word follows the word " seas." Another risk is that of loss by " pirates, rovers or assailing thieves." If the goods in question had been lost while in the course of transportation through a fire on land or stolen on land, I would decide the case against the insurance company, for I would apply the well-known rule that as the language employed in the policy being that of the insurance company, all ambiguities ought to be resolved in favor of the assured. *Imperial Shale Brick Co.* v. *Jewett,* 169 N. Y. 143. For the printed part quoted plainly says that the insurance company will bear and take upon itself " all other like perils, losses and misfortunes." A loss by fire or theft on land is like a similar loss on the seas. If, however, the tissue paper had been destroyed, while in transit on land, by some liquid having been accidentally thrown on it by some stranger to the contract, would the insurance company be liable? I think not. There is no ambiguity about that. Such a loss or peril would have been as unlike a peril insured against as a house is unlike a ship. To say that the company undertook to indemnify the plaintiff against all losses on land would be making a new contract for the parties, which even a court of equity would have no right to make. *Albany City Savings Inst.* v. *Burdick,* 87 N. Y. 40, 46.

It must always be borne in mind that primarily this is a marine insurance policy and the risks insured against on land are only incidental thereto. Even the sea perils are enumerated and, consequently, limited, and to say that all perils on land were within the contemplation of the parties would lead to an absurd inter-

pretation which must be rejected. *Flynn* v. *Prudential Insurance Co.*, 207 N. Y. 319.

Even the " perils of the sea " do not embrace all losses happening on the seas. 26 Cyc. 652.

As the plaintiff has no cause of action against the defendant for the reasons assigned, I will dismiss the complaint on the merits. As there are costs against the plaintiff I will grant a stay of ten days.

Ordered accordingly.