## (December 14, 1971)

■ ARANOW, BRODSKY, BOHLINGER, BENETAR, EINHORN & DANN, Appellant, v. ISAAC SILVERMAN, Respondent.— Order, Supreme Court, New York County, entered September 15, 1971, denying partial summary judgment and an assessment modified, on the law, to grant partial summary judgment in the sum of $3,635.75, and otherwise affirmed, without costs and without disbursements. The action is by an attorney for legal services pursuant to a written retainer. The retainer provided for time charges at an hourly rate of $75, plus an additional sum to be agreed upon in the event of a satisfactory result. According to plaintiff's proof the hourly charge amounted to some $17,000, of which $14,000 was paid, leaving the balance sued for. As to the additional sum stipulated to be paid, a majority of the court agrees with Special Term that there are issues as to whether the condition of a satisfactory result was obtained and as to the intent of the parties in regard to this provision. As regards the balance of the hourly payments, defendant seeks to raise issues as to whether the services were performed and, if so, whether they were necessary. We are mindful of the rule in summary judgment applications that where the facts are peculiarly within the knowledge of the moving party an issue may be raised by an unsupported denial. Here, however, the case has been at issue for an extended period and defendant has not sought to obtain the proof to support his denial by any of the allowable pretrial procedures. Defendant's inability to contest the specific allegations is therefore chargeable to him. Present — Capozzoli, J. P., McGivern, Murphy, Steuer and Eager, JJ.; Capozzoli, J. P. and Eager, J. dissent in part in the following memorandum by Capozzoli, J. P.: I concur with the majority insofar as it denies summary relief on plaintiff's claim for additional compensation pursuant to the "favorable result" clause in retainer agreement between the parties. I disagree with the majority which would award summary judgment to plaintiff on its claim for remaining unpaid time charges. The retainer agreement provided, in part,

for compensation at an hourly rate of $75, and defendant has already paid $14,000 on this basis. Plaintiff seeks an additional $3,635.75 for time charges, which defendant has not paid allegedly because of plaintiff's refusal to substantiate same. He stated in his affidavit, submitted at Special Term, that " I agree to pay to the plaintiffs $75.00 per hour for the time spent, if they could document the time spent on my behalf ". He questions plaintiff's claim that it expended 225 hours " within a six-week period on a matter which took nothing more than a couple of conferences with my accountant and some discussions with the Internal Revenue Service to settle this matter ". Defendant claims that he requested itemization and documentation on " numerous occasions " but that same was not forthcoming. He is entitled to this, and plaintiff's failure to at least supply this information in support of its motion for summary judgment, is a bar to such relief. Upon this appeal, plaintiff argues that by failing to demand a bill of particulars or discovery proceedings in this action, defendant has waived his right thereto. This may be correct, but it is irrelevant. Even if defendant waived his right to pretrial discovery, this does not lessen plaintiff's burden of establishing the actual time expended. McGivern, J. concurs and dissents in part in the following memorandum : I agree with the majority that there should be partial summary judgment in the sum of $3,635.75, in view of the defendant's inaction. (*Silinsky* v. *State-Wide Ins. Co.*, 30 A D 2d 1, 6.) However, I would go further and in addition grant an immediate assessment to plaintiffs pursuant to CPLR 3212 (subd. [c]), fixing the reasonable value of additional compensation due the plaintiffs for the favorable result achieved by them. In my view, Special Term was in error when it declared that defendant had not agreed " to assume any obligation for additional compensation in the event of a favorable result." To the contrary. I am prepared to hold that when the defendant was spared excess taxes of approximately $350,000, as a result of plaintiff's efforts, and the defendant enjoyed the benefits of those efforts, then, as a matter of law, the defendant is liable to pay the plaintiffs the reasonable value of their services. The agreement, most definitely, did not mean the defendant could decidé not to pay anything. (*Heller* v. *Kalisch*, 141 App. Div. 205.)