Edmund L. Shea, J.
This is a motion by defendant Mohawk National Bank, for summary judgment dismissing the plaintiff’s complaint on the merits. Defendant Aetna Life Insurance Company, although making no formal motion, has joined in the request for summary judgment in the event the defendant bank succeeds on its motion.
Defendant Mohawk National Bank was a policyholder under a group credit life insurance policy issued by defendant Aetna through its agent or broker, third-party defendant Lawrence Van Voast, Inc. Plaintiff’s testator Donald Fobare was in the business of renting cars, recreational vehicles and trucks. On different dates he purchased a total of five vehicles, by financing through the defendant bank under retail installment contracts. Apparently three of these retail installment contracts were made directly with the defendant bank and two were made with a dealer and assigned to the bank. Each of these retail installment contracts represented an indebtedness of less than $15,000, but all totaled together would result in an amount considerably over that sum. Each of the installment contracts is in similar form complying with the Federal “Truth In Lending” disclosure, and plaintiff’s testator specifically signed a request for group life insurance for a designated charge, requesting in effect that the seller, or bank, secure group credit life insurance on the borrower *212 in accordance with the notice of proposed group insurance to he mailed to him. The charge for the insurance was included in the monthly payments made to the bank.
Defendant bank, upon approval of the installment contracts, followed the procedure of notifying the third-party defendant Van Voast, who thereupon issued a group insurance certificate of Aetna Life Insurance Company to the borrower or debtor together with a copy of a letter signed by a vice-president of defendant bank. Each of the group insurance certificates provided that upon receipt of due proof of the death of the debtor, while insured, the insurance company would pay to the creditor the amount for which the debtor was insured with respect to such indebtedness. It also contained a clause: “ The amount for which the debtor is insured under the group policy with respect to such indebtedness is the amount necessary to discharge such indebtedness. In no event, however, shall the total amount of insurance under the group policy on the life of the debtor with respect to all indebtedness at any time exceed $15,000.00.”
At the bottom of the certificate there is also the following: ‘1 Note the provisions of this Certificate relating to the maximum amount of insurance on any one debtor. If the debtor has been charged for insurance in excess of this limit, he should contact the Creditor for an adjustment or refund. ’ ’
The copy of the bank’s letter sent out by Van Voast with each certificate stated: ‘ * Dear Customer: Your protection certificate insuring your installment loan is enclosed. Bead it carefully. It protects your loan against your death or your disability or both, depending upon whichever way you have purchased it. It provides an important extra dimension to your personal security. Claims to this insurance may be initiated by notifying our consumer credit department.
“ It is a pleasure to serve you and when you are in need of financial banking services, please consider us your financial center.
“ Your inquiries regarding additional services are invited.”
Plaintiff’s testator, the insured under these certificates, died owing, according to the complaint $31,846.75 still due to defendant bank on the installment contracts. Pursuant to its policy, defendant Aetna paid to the bank as beneficiary the sum of $15,000 and premiums in excess of such amount were returned to the bank and credited to the amounts due on plaintiff ’s testator’s indebtedness. The plaintiff’s complaint alleges the issuance of life insurance by defendant Aetna and defendant bank acting as agent on each of the accounts to be paid; the death of Donald *213 Fobare, on June 22, 1972, with all premiums having been paid in full at the time and among other relief, requests that defendant Aetna Life Insurance Company and/or its agent defendant Mohawk National Bank be ordered to pay to the plaintiff the additional sum of $31,846.75, or such sum as will pay in full the amount due on all the accounts.
Defendant Mohawk National Bank has cross-claimed against defendant Aetna and brought a third-party action against third-party defendant Van Voast, alleging that the responsibility for issuing group insurance certificates or advising of the $15,000 limit was the responsibility of Aetna or Van Voast.
It is difficult to believe that Aetna can be held liable under its policy issued to the bank for excess of the policy limit of $15,000 and excess premiums, which, as noted, have been credited to plaintiff. (Cf. McGinnis v. Bankers Life Co., 39 A D 2d 393.) In this connection, paragraph (c) of subdivision 1 of section 204 of the Insurance Law relating to credit group life insurance, as it read at the times here in question, provides, in part: “ The amount of insurance on any person insured under a policy shall not at any time exceed the leást of (i) the amount of unpaid indebtedness due from such person, together with the unpaid balance of the scheduled periodic payments * * * (ii) the amount of the purchase price unpaid by such person, or (iii) in the case of transactions secured by a real estate mortgage, the sum of [$30,000] and in all other cases, [$15,000].”
By express provision of the statute, therefore, the amount of insurance payable for plaintiff’s benefit could not exceed $15,000 on the policy issued to defendant bank as the policyholder. As to whether defendant Aetna could be held liable on some other theory, its attorney, by affidavit, advises that it has additional basis for summary judgment in the form of further examinations before trial not yet transcribed. Presumably this additional information would expand on the question of whether Aetna knew the names of those insured under the policy at the time it received the premiums and whether its records would show insurance coverage by an individual beyond the statutory limit.
For the same reasons it does not appear plaintiff can recover the face amount of the certificates in excess of the statutory policy limits against defendant Mohawk National Bank, which is the basis of plaintiff’s complaint. The opposing affidavit submitted by plaintiff attempts to create" a question of fact in that it is claimed plaintiff’s testator applied for life insurance and not group credit life insurance. The retail installment contracts presented as exhibits do not support such contention as pre *214 viously noted in parts of such contracts which clearly refer to group credit life insurance. Of course, defendant bank could not itself issue life insurance since this privilege is restricted to savings banks under article VI-A of the Banking Law.
The papers submitted, however, may show a cause or causes of action not pleaded. Thus, insurance brokers or agents, and perhaps third parties in the position of defendant bank herein, may be charged with a breach of duty owed to the insured where such agent, broker, or third party undertakes to procure insurance for another and, through fault or neglect, fails to acquire the amount of insurance requested. (Fleetwood Motors v. James & Sons, 38 Misc 2d 499; Ann. 29 ALR 2d 171-205; see, also, Ann. 29 ALR 2d 213-215 entitled “ Misrepresentation by one other than insurance agent as to coverage, exclusion, or legal effect of insurance policy, as actionable ”.)
The vice-president of the installment loan department of the defendant bank testified on his examination before trial that he did not know that the amount of insurance on each debtor was limited to $15,000 irrespective of the number of contracts issued, but was under the impression that the group life contract with Aetna covered each separate contract to the extent of $15,000. Certainly, it is possible to assume that the plaintiff’s testator was of the same opinion or he would not have made the premium payments on each individual contract. The answering affidavit by plaintiff’s attorney points out the bank’s actions could have precluded the obtaining of life insurance elsewhere to protect plaintiff’s testator’s contract or obligations. "Whether plaintiff’s testator was guilty of contributory negligence or neglect in not carefully studying his group insurance certificates at least presents a question of fact. (See Israelson v. Williams, 166 App. Div. 25, app. dsmd. 215 N.Y. 684.)
It is conceivable that if plaintiff’s testator was aware that coverage did not exist on each contract he might have procured straight life insurance elsewhere, credit insurance, or made financial arrangements through other banks and thus be covered under a different group policy. This latter alternative does not appear to be prohibited by section 204 of the Insurance Law, and in case of coverage under separate group policies, tibe monetary limit would not seem to apply unless it could be shown that some public policy prohibits coverage on two or more policies. (Cf. Flynn v. Prudential Ins. Co., 207 N. Y. 315; Dolan v. John Hancock Mut. Life Ins. Co., 141 N. Y. S. 101.)
The only purpose of the limitation on the amount of insurance under such credit group life insurance so far appearing is a *215 letter from the Insurance Department of the State of New York advising that when section 204 was originally enacted as section 101-a of the Insurance Law to extend the definition of group life insurance as to cover borrowers from financial institutions added by chapter 292 of the Laws of 1929, there was a statement by the Insurance Department regarding the dollar limitation:
‘ ‘ In order to avoid the danger of adverse selection and perhaps other moral hazards, we suggest that there should be a limitation on the amount of insurance on the life of any individual. Perhaps $5,000.00 is a satisfactory maximum.”
Paragraph (c) of subdivision 1, as enacted, had contained a limit of $10,000. This was increased to $15,000 in 1958, and at the present time has been increased to a $20,000 limitation “ on any person insured under a policy ”.
Considering the defendant bank’s letter which was sent with each certificate of group credit life insurance, there might also exist a.possibility of recovery on the basis of estoppel. (See Ann. 36 ALR 3d 541 entitled “ Group Insurance: Waiver or estoppel on basis of statements in promotional or explanatory literature issued to insureds ”.)
Under the circumstances herein where plaintiff may possibly have causes of action not pleaded, plaintiff should be given leave to serve an amended complaint. (Wolfson v. Mandell, 13 A D 2d 760, affd. 11 N Y 2d 104; cf. McGinnis v. Bankers Life Co., 39 A D 2d 393, supra.)
The motion for summary judgment dismissing the complaint is granted, without costs, with leave, however, for the plaintiff to serve an amended complaint within 20 days after the service of the order herein, with notice of entry.